[No. 12923. Department Two. January 28, 1916.]

W. S. WOODY, *Respondent*, v. E. E. WAGNER *et al.*,
*Appellants.*[1]

CROPS—GROWING CROPS—CONVEYANCE OF LAND. The title to unsevered crops passes to the purchaser of the land upon transfer of the title to the land.

LANDLORD AND TENANT—GROWING CROPS—LEASE—TERMINATION. A cropping lease requiring surrender and delivery of possession upon a sale and the payment to the tenant of the value of growing crops, is terminated by such sale and demand for possession, with offer to credit the value of the crop.

CHATTEL MORTGAGES—GROWING CROPS—LEASED LANDS — TERMINATION OF LEASE—PRIORITIES. A chattel mortgage upon a growing crop is subject to the express terms of the lease providing for its termination upon a sale of the land and payment to the tenant of the value of the crop; and upon termination of the lease pursuant to its terms, prior to severance of the crop, the crop passes to the purchaser, and neither the lessor nor the purchaser would be liable for the deficiency judgment against the lessee giving the mortgage on the crop.

[1]Reported in 154 Pac. 819.

Appeal from a judgment of the superior court for Adams county, Mills, J., entered November 30, 1914, in favor of the plaintiff, in an action to foreclose a chattel mortgage, tried to the court. Reversed.

*G. E. Lovell,* for appellants.

*Adams & Naef,* for respondent.

PARKER, J.—The plaintiff, W. S. Woody, commenced this action in the superior court for Adams county, seeking foreclosure of a chattel mortgage given to him by Julius Conner upon certain live stock, farming implements, and two-thirds of a crop of wheat, seeded in the fall of 1913 upon land occupied by him under a lease from the defendant E. E. Wagner, the owner thereof, which land was thereafter conveyed to the defendant A. A. Neufelt. The case being tried and submitted upon the merits, on November 24, 1914, the superior court rendered a personal judgment against the defendant Conner for the full amount of the debt secured by the mortgage, decreed foreclosure and sale of all the mortgaged property excepting the crop of wheat, and rendered a personal deficiency judgment against the defendant Wagner, evidently because of the appropriation of the crop upon its maturity by him and Neufelt, his grantee. From this disposition of the cause, the defendants Wagner and Neufelt have appealed to this court, claiming that the wheat was lawfully appropriated by them without any obligation to account therefor to any one.

The cause comes to us upon conceded facts, which may be summarized as follows: Appellant Wagner, being the owner of the land upon which the wheat was seeded and grown, leased the same to Conner for the term of six years, commencing January 1, 1913. By the terms of the lease, Conner was to pay Wagner as rent for the land one-third of the crops to be grown thereon. The lease contained, among other provisions, the following:

"It being understood that this land is being offered for sale, it is agreed that if the sale of the land is made and the purchaser demanding immediate possession, this lease may be declared void and of no effect by said lessor giving notice of such sale, and paying said lessee a reasonable price (not exceeding $2 per acre) for all labor expended in preparing any ground not in crops, and on further payment of the value of any crops which may be growing or immatured."

Conner went into possession of the land. He seeded it to wheat in the fall of 1913 for the crop of 1914. On October 14, 1913, Wagner, having sold and conveyed the land to Neufelt, caused to be served upon Conner two notices as follows:

"You are hereby notified, that I have sold all of . . . [describing the land] to A. A. Neufelt, and under the terms of the lease, you will be required to give possession of the said premises to the said A. A. Neufelt within ten days from the receipt of this notice. All sums due you will be endorsed on the notes which you gave me and which I now hold.

"Dated this 14th day of October, 1913.

"E. E. Wagner."

"You are hereby notified, that I have purchased the . . . [describing the land], and under the terms of purchase I hereby demand immediate possession of the above described lands.

"Dated this 14th day of October, 1913.

"A. A. Neufelt."

On October 24, 1913, Conner, being indebted to Woody in the sum of $1,629, executed and delivered to Woody a chattel mortgage upon certain live stock, farming implements, and two-thirds of the crop of wheat which he had seeded upon the land shortly prior thereto. This chattel mortgage was duly filed for record, and Wagner had actual knowledge thereof prior to November 1, 1913.

On October 25, 1913, Wagner and Conner, being unable to agree upon the amount due Conner under the terms of the lease above quoted, because of the sale of the land to

Neufelt and the termination of the lease, Wagner and Neufelt commenced an action in the superior court for Adams county for possession of the land, and to have determined the amount due to Conner for which he should be credited upon the indebtedness due from him to Wagner because of the termination of the lease. That case was tried, and in April, 1914, judgment rendered therein by the superior court, determining the amount Conner was entitled to because of the sale of the land to Neufelt and the termination of the lease. Thereupon, in compliance with the judgment so rendered, Wagner delivered to Conner certain notes evidencing indebtedness due from Conner, and also paid Conner the additional sum of $65.75, thereby fully complying with the terms of the judgment and fully paying all sums due Conner because of the sale of the land and the termination of the lease. Neufelt has been in possession of the land at all times since the rendering and satisfaction of that judgment. In the summer and fall of 1914, Neufelt harvested, hauled to market, and sold the whole of the crop of wheat which had been seeded by Conner in the fall of 1913 while in possession of the land under the lease.

We are unable to see any sound legal grounds upon which the personal judgment rendered by the court against Wagner can be rested. When he sold and conveyed the land to Neufelt, gave Conner notice thereof, demanded possession of the land and paid to Conner all sums due to Conner because of the cancellation of the lease, he became entitled to the land and all growing unsevered crops thereon. All of this occurred long before the maturity and harvesting of the crops. That it occurred after the giving of the chattel mortgage upon the crop by Conner does not militate against the title to the crop acquired by Wagner and Neufelt upon the sale of the land to Neufelt and the termination of the lease. Manifestly the mortgage rights of Woody were subject to the terms of the lease and were liable to be defeated by its termination, under the provisions thereof above quoted.

The passing of unsevered crops with the title to land upon
transfer of title thereof is elementary law. It is so when
the transfer is by an ordinary deed of conveyance executed
by one having perfect title to the land. The rule is stated
in the text of 12 Cyc. 977 as follows:

"According to the great weight of authority crops so far
partake of the nature of realty that in the absence of reser-
vation or exception they pass by a sale or conveyance of the
land as appurtenant thereto, whether unripe or matured, so
long as there has not been a severance, actual or construc-
tive, of such crops from the land."

See, also, 8 R. C. L. 358.

It is so when the title passes by sale under a foreclosure
of a mortgage upon the land, when the mortgagor is the
owner and his title to the crop is not impaired by some lease-
hold or contractual interest in some other person. *Jones v.
Adams*, 37 Ore. 473, 59 Pac. 811, 62 Pac. 16, 82 Am. St.
766, 50 L. R. A. 388; *Reily v. Carter*, 75 Miss. 798, 23
South. 435, 65 Am. St. 621; *McMaster v. Emerson*, 109
Iowa 284, 80 N. W. 389; 8 Ballard, Real Property, § 101.
It is so when the title of a lessee passes back to the lessor by
forfeiture of the leasehold interest, and it has been held
that the voluntary surrender of the leasehold interest to
the lessor carries title to unsevered crops even as against a
mortgagee of such crop. This latter holding, however, has
no application here, since Conner's leasehold interest in the
land and the unsevered crop passed back to Wagner, the
lessor and owner of the land, by the termination of the lease
in pursuance of its express terms. 24 Cyc. 1071; *Gregg v.
Boyd*, 69 Hun 588, 23 N. Y. Supp. 918; *Gammon v. Bull*,
86 Iowa 754, 53 N. W. 340.

Counsel for Woody seem to proceed upon the theory that
Wagner and Neufelt have unlawfully appropriated the crop
as against Woody, the mortgagee thereof. We have seen
that Wagner and Neufelt acquired possession of the land
and caused termination of the lease by paying to Conner all

he was entitled to under the terms thereof, long before the crop was matured or severed from the soil. Now Conner's title to the crop was at all times, until it was actually severed from the soil, subject to acquisition by Wagner and his grantee under the express terms of the lease. It seems quite clear to us that the giving of the mortgage by Conner to Woody could not in the least curtail this right of Wagner and his grantee, nor were they required to pay any attention to the rights of Woody as mortgagee. They were not garnisheed, nor did they hold anything in trust for Woody as mortgagee. What they did was in strict compliance with the terms of the lease under which Conner at all times held the land, and subject to which Woody took his mortgage on the crop.

The judgment against appellant E. E. Wagner is reversed. The record before us does not show the rendering of any judgment, in terms, against appellant A. A. Neufelt; but in so far as the decree and judgment might be construed as rendering Neufelt liable to any extent, it is reversed.

MORRIS, C. J., BAUSMAN, MAIN, and CHADWICK, JJ., concur.