F. D. BARTON & CO. *v.* TURNBULL.

1. REPLEVIN—PLAINTIFF NOT IN ACTUAL POSSESSION MUST SHOW TITLE.

    To recover possession of logs, in an action of replevin, plaintiff, who was not in actual possession when they were attached by defendant sheriff, must show title to same.

2. SALES — UNIFORM SALES ACT — PASSING OF TITLE — RIGHT TO MAINTAIN REPLEVIN.

    Under the uniform sales act (3 Comp. Laws 1915, § 11850), where the seller of logs, sold when they were standing timber, contracted to deliver them to the buyer

On sufficiency of delivery of logs on sale out of larger lot, see note in 26 L. R. A. (N. S.) 38.

in its boom at the mouth of the river, title and right of possession had not passed when they were decked on skids on the bank of the river, since the seller had something further to do under his contract, and, therefore, the buyer could not maintain an action of replevin against the sheriff who attached the logs when they were so decked.

3. REPLEVIN—JUDGMENT FOR LIEN AUTHORIZED.
    Where the plaintiff in replevin proceedings for the possession of certain logs had no such possession or title as would entitle it to maintain said action, and the stipulated facts supported the court's finding that defendant, who waived return of the logs, had a special property or lien upon them, judgment therefor was properly entered under 3 Comp. Laws 1915, § 13104.

Error to Luce; Fead (Louis H.), J.    Submitted January 22, 1924.    (Docket No. 112.)    Decided April 10, 1924.

Replevin by F. D. Barton & Company against John T. Turnbull, sheriff of Luce county, for the possession of certain logs. Judgment for defendant. Plaintiff brings error. Affirmed.

*McDonald & Kaltz*, for appellant.

*A. L. Sayles* (*Warner & Sullivan*, of counsel), for appellee.

McDONALD, J. This is an action of replevin for the possession of 10,530 Norway and white pine logs. When replevined the logs were in possession of defendant, as sheriff, under a writ of attachment issued out of the circuit court for Luce county, in a cause wherein Erwin Yuill was defendant and one A. L. Sayles was plaintiff. In that cause judgment was rendered against Yuill in the sum of $4,710.28. The plaintiff claims title by purchase from Yuill. John C. Ross, trustee for the Bay City Bank, was the owner of the logs and land from which they were cut. He

sold the premises, including the timber, to Erwin Yuill on contract for $67,500 with the privilege of lumbering and cutting the timber and selling it to the plaintiff on condition that all payments for the same should be made to the Bay City Bank, Ross to retain the title until such payments were made.    Pursuant to this authority to sell, Yuill sold the logs on contract to the plaintiff herein.    This contract provided that the logs should be decked on skids at banking places on the Two Hearted river where they were to be scaled and inspected and then delivered to the plaintiff in its booms at the mouth of the river.    It also provided that the plaintiff should advance $10,000 to Yuill, and that when banked the logs should be insured by Yuill with loss payable to the Bay City Bank to the extent of its loan, then to the plaintiff to the extent of its advances, and thereafter to Yuill.    Subsequently, another agreement between the parties was made modifying the prices on the logs under the preceding contract and extending the time of payment. It is by virtue of these contracts that the plaintiff claims title to the logs and the right to their possession. The case was tried before the circuit judge without a jury on a stipulated statement of facts.    He found that the plaintiff did not have title to the logs, was not entitled to possession, and entered a judgment for the defendant for $5,008.68.    The plaintiff brings error.

The principal question involved is whether the plaintiff had title to the logs in question when the suit was instituted.

"To entitle a plaintiff to recover in an action of replevin, he must establish his right to the possession of the property replevined.    This he may do by proving that he was in actual and undisputed possession when defendant took the property.    If he had no such possession, he must prove title.    If he bases his right to recover upon proof of title, defendant may defeat

his recovery by proving title in a third person." *Sanford* v. *Millikin,* 144 Mich. 312.

As the plaintiff was not in actual possession of the logs when they were taken on attachment by the defendant, its right to recover must rest on a showing of title in itself. The contract does not expressly state when the title shall pass to the plaintiff. We must therefore examine the contract and the circumstances of the case in order to determine the intention of the parties in respect to that question. In *Richardson Lumber Co.* v. *Hoey,* 219 Mich. 643, after citing various cases in which definite rules for determining intention were announced, this court said:

"These cases adhere to the rule that where nothing remains to be done by the vendor to ascertain the identity, quantity or quality of the goods sold, where nothing further is necessary to put them in the condition provided by the terms of the contract, the title passes when the contract is made."

Section 19, rule 2, of the uniform sales act (3 Comp. Laws 1915, § 11850) also states the following rule for determining the intention of the parties as to the passing of title:

"Where there is a contract to sell specific goods and the seller is bound to do something to the goods, for the purpose of putting them in a deliverable state, the property does not pass until such thing be done."

Applying these rules to the instant case, it will readily appear that the title did not pass at the time when the contract was made. When the plaintiff bought the logs they were in the standing timber, and something further was to be done by the vendor to put them in a deliverable state. He must put them in the condition provided by the terms of the contract. He must cut them, deck them on skids at banking places on the river where they could be scaled and

inspected.    Until he had done this, title would not vest in the buyer.    It is clear, therefore, that title did not pass when the contract was made.    Nor can it be said to have passed when the logs were banked, for there the quantity and quality must be determined by inspection.    Then the vendor must water them, drive them to the mouth of the river and place them in the plaintiff's booms.    This was a part of the consideration of the contract.    The cost of watering, driving and booming the logs was to be borne by the vendor.    It was something further which the contract required the vendor to do before the buyer was bound to accept delivery of the logs.    The intention to be drawn from this latter provision of the contract is stated in section 19, rule 5, of the uniform sales act (3 Comp. Laws 1915, § 11850), as follows:

"If the contract to sell requires the seller to deliver the goods to the buyer at a particular place or to pay the freight or cost of transportation to the buyer or to a particular place, the property does not pass until the goods have been delivered to the buyer or reached the place agreed upon."

The uniform sales act states certain definite rules for determining the intention of the parties as to the vesting of title.    These rules are controlling unless a different intention is indicated somewhere in the contract and the attendant circumstances.    Our examination of the contract fails to disclose a different intention.    We are therefore of the opinion that the circuit judge was right in his conclusion that the title to the logs in question was not to vest in the plaintiff until they were delivered in its booms at the mouth of the river.    As they were attached by the defendant while they were decked on skids on the bank of the river, it follows that the plaintiff did not have the title and right to possession at the time the suit was instituted.

It is further urged that the court erred in rendering the judgment which was entered for the defendant. The court found as a conclusion of law that:

"The defendant has a special property or lien upon the replevined property, by virtue of the levy of attachment and subsequent judgment, in the sum of $4,710.28, with interest at 5 per cent. per annum from April 18, 1922, and having waived return of the goods, is entitled to a judgment for the amount of such lien."

The plaintiff's objection to the judgment entered is that there was no evidence to support the finding as to the amount of the lien and no finding as to the value of the property, and that, therefore, there was no basis upon which a personal judgment could be entered against the plaintiff.

The finding as to defendant's lien is supported by the stipulated facts, and the judgment entered therefor is authorized by section 13104, 3 Comp. Laws 1915. We do not agree with counsel for the plaintiff that the only judgment which the court could enter was for a return of the goods or for their value. The plaintiff was found to have no title to the property or right to possession. It was not necessary for the court to determine the interests of others, who are not parties to the suit. The plaintiff is affected only by the amount of defendant's damages. As to the value of the property, it is sufficient if it appears from the evidence that it was worth the amount of the defendant's lien. The plaintiff says that there was no evidence of value. In his findings of the facts, the circuit judge found that, "the stipulation of facts, agreed upon by counsel and filed, including all exhibits attached thereto, and the files and records of the cause, are found in the facts." The appraisal of the property was put in evidence by the stipulation. The court found the value to be as stated in the appraisal but did not state the amount. Counsel did not pro-

pose an amendment to secure a more definite finding. The value was not contested.   It was in substance stipulated that for the purposes of this suit the value was as stated in the appraisal.   It is pointed out that the appraisal shows a value of $16,000, and counsel for the plaintiff do not claim that it was any less in amount.   The court might have more specifically stated the value, but he made as a part of his findings the appraisal in which it was specifically stated.   It thus appears that he had before him evidence upon which to base a judgment for the entire amount of the defendant's lien.

We find no error in the record.   The judgment is affirmed, with costs to the defendant.

Clark, C. J., and Bird, Sharpe, Moore, Steere, Fellows, and Wiest, JJ., concurred.