[No. 18615.    Department Two.    October 23, 1924.]

LEE KIRBY, *Appellant,* v. FIRST NATIONAL BANK OF

PASCO, *Respondent.*[1]

CHATTEL MORTGAGES, (3, 37)—GROWING CROPS — CONVEYANCES OF
LAND—TITLE AND RIGHTS OF PURCHASER—PRIORITIES.    The right
of a chattel mortgagee in and to a growing crop is superior to the
right of a prior mortgagee of the land or to the right of any one
subsequently acquiring title to the real estate from the mortgagor.

Appeal from a judgment of the superior court for
Franklin county, Truax, J., entered November 14, 1923,
dismissing an action for an accounting, tried to the
court.    Affirmed.

*Chas. W. Johnson,* for appellant.

*Driscoll & Horrigan,* for respondent.

PEMBERTON, J.—This is a controversy over the title
to wheat growing upon mortgaged property.    On the
26th day of July, 1921, one Herman Sorrels executed a
real estate mortgage upon lands owned by him in
Franklin county, Washington.    On the 4th day of No-
vember, 1922, he executed a chattel mortgage to the re-
spondent upon a crop of wheat to be sown and grown
upon the mortgaged premises.    This mortgage also
covered other personal property.    On the 6th day of
July, 1923, he gave a bill of sale of the wheat and other
personal property to the respondent, and on the 7th
day of July deeded the real estate to appellant.

It is contended by appellant that the deed conveying
the real estate in question also conveyed the growing
wheat upon the same; that the crop being unsevered
passed to appellant with the title to the land.    And
appellant states that "the facts in the case at bar fall

[1]Reported in 229 Pac. 305.

squarely within the facts in the case of *Woody v. Wagner,* 89 Wash. 429, 154 Pac. 819, and we rest our argument upon the ruling in that case.''

In the case of *First National Bank of Harrington v. Womach,* 128 Wash. 492, 223 Pac. 586, we said:

''Counsel for Womach contends that his interest in the crop as well as in the land, by virtue of his purchase at the execution sale, became in law superior to and freed from the mortgage lien claim of the bank. To support this contention reliance is placed upon our decisions in *Woody v. Wagner,* 89 Wash. 429, 154 Pac. 819, and *Union Farm Land Co. v. Isaacs,* 106 Wash. 168, 179 Pac. 84. We think those decisions are not controlling in our present inquiry. In both of those cases the mortgagors' interests in the crops in question were terminated after the execution of the mortgages, in pursuance of express provisions in the contracts under which the mortgagors were in possession of and farming the land.''

We also stated in that case that:

''Our chattel mortgage statute in terms provides for and authorizes the giving of mortgages upon 'growing crops and crops before the seed thereof shall have been sown or planted;' and further provides for the filing for record in the office of the county auditor of such mortgages, and that 'every mortgage filed and indexed in pursuance of this act shall be held and considered to be full and sufficient notice to all the world, of the existence and conditions thereof.' Sections 3779, 3782, Rem. Comp. Stat. [P. C. §§ 9759, 9761.] Plainly, when Womach purchased at the execution sale Shields' leasehold interest, including his interest in the growing crop, such purchase was subject to the prior duly executed and recorded mortgage lien claim of the bank.''

As between a mortgagee of real estate and a mortgage upon a growing crop, under the law of this state permitting a chattel mortgage upon the crop, we must hold that the right of the chattel mortgagee is superior to the right of the holder of the real estate mortgage

and superior to any one acquiring title to the real estate from the mortgagor.

The judgment of the trial court is affirmed.

MAIN, C. J., FULLERTON, and BRIDGES, JJ., concur.

MITCHELL, J., concurs in the result.