[No. 19046. Department One. May 14, 1925.]

R. J. MOUNT, *Appellant*, v. ROCKFORD STATE BANK, *Respondent*.[1]

CHATTEL MORTGAGES (3, 40)—RIGHTS OF PURCHASER—LIEN ON CROPS—PRIORITY—STATUTES. A purchaser at a real estate mortgage foreclosure has a lien for interest accruing on the purchase price, during the period of redemption, as provided by Rem. Comp. Stat., § 602, which is superior to that of a subsequent chattel mortgage on a crop raised during such period; notwithstanding Id., §§ 3779 and 3782, authorizing crop mortgages and making their record notice to the world.

MORTGAGES (35, 259)—CONSTRUCTION—WHAT LAW GOVERNS—REDEMPTION—LIEN ON CROPS DURING REDEMPTION. Rem. Comp. Stat., § 602, giving the purchaser at a mortgage foreclosure sale a lien on the crop raised during the period of redemption, becomes a part of the mortgage executed while such law was in force, of which subsequent incumbrancers are bound to take notice.

[1]Reported in 236 Pac. 82.

Appeal from a judgment of the superior court for Spokane county, Lindsley, J., entered June 25, 1924, upon findings in favor of the defendant, dismissing an action for conversion, tried to the court. Reversed.

*John Pattison,* for appellant.

*Guy B. Groff* and *William Hatch Davis,* for respondent.

*Chadwick, McMicken, Ramsey & Rupp, amici curiae.*

MAIN, J.—This action was brought to recover the value of a quantity of grain claimed by the plaintiff to have been converted by the defendant. The trial to the court without a jury resulted in findings of fact, conclusions of law and a judgment dismissing the action, from which the plaintiff appeals.

The facts are not in dispute and may be summarized as follows: On November 17, 1919, Roy Greer and wife, being then the owners of a farm in Spokane county, mortgaged the same to the appellant to secure the payment of their promissory notes aggregating the sum of $10,000. The Greers made default in the payments called for by the notes and mortgage and the appellant, on December 18, 1922, commenced an action of foreclosure, and judgment was thereafter entered. The farm was sold by the sheriff in pursuance of the judgment on February 17, 1923, at which sale the appellant bid it in for the sum of $11,000. During the fall of 1922, a crop of wheat had been sown upon the premises, and this was harvested on or about August 1, 1923. On August 22, 1922, and subsequent to the time when the real estate mortgage was given to the appellant, the Greers made a chattel mortgage covering the crop sown or to be sown upon the land for the crop season of 1923 to secure a note in the sum of $1,600. Both mortgages were duly and regu-

larly recorded. After the crop was harvested it was
sold by the Greers with the knowledge and consent of
the respondent, and the proceeds thereof were paid
to the respondent upon the note secured by the chattel
mortgage. Prior to the sale, the appellant notified the
respondent that he claimed a lien upon the crop by
virtue of his real estate mortgage superior to that of
the respondent under his chattel mortgage, for interest
during the period of redemption, and for taxes paid.

The question is whether the appellant under his real
estate mortgage had a lien superior to that of the re-
spondent under its chattel mortgage upon the crop
of wheat raised and harvested upon the farm during
the period of redemption, for interest accruing during
that period on the purchase price at the foreclosure
sale, and for taxes.

Section 602, Rem. Comp. Stat. [P. C. § 7917], after
providing generally that the purchaser from the date
of sale shall be entitled to the possession of the prop-
erty purchased during the period of redemption, con-
tains this proviso:

"Provided further, that as to any land so sold which
is at the time of the sale used for farming purposes,
or which is a part of a farm used at the time of sale
for farming purposes the judgment debtor shall be en-
titled to retain possession thereof during the period
of redemption and the purchaser or his successor in
interest shall if the judgment debtor do not redeem
have a lien upon the crops raised or harvested thereon
during the period of such possession for interest on
the purchase price at the rate of six per cent per an-
num during the period of possession and for any taxes
with interest: . . ."

The proviso was added to the law at the 1899 session
of the legislature. Prior to that time the purchaser
at an execution sale was entitled to the possession of
the property during the period of redemption and was

not required to account for the rents, issues and profits thereof. *Debenture Corporation of London v. Warren,* 9 Wash. 312, 37 Pac. 451; *Knipe v. Austin,* 13 Wash. 189, 43 Pac. 25, 44 Pac. 531; *Hardy v. Heriott,* 11 Wash. 460, 39 Pac. 958. It was to correct the evils arising out of the law as it then stood that the proviso was added. Under the old law it might well happen that if the crop produced during the period of redemption was bountiful and the price was high, that from that one crop might be realized more than enough to pay off the purchase price at the execution sale and interest thereon. The purchaser, as already stated, then had an absolute right to the possession during the period of redemption. By the proviso this was taken away from him and he was given in lieu thereof "a lien upon the crops raised or harvested thereon during the period of such possession for interest in the purchase price at the rate of six per cent per annum during the period of possession and for any taxes with interest." That statute was in effect at the time the appellant's real estate mortgage was executed by the owners of the property and it became a part of the contract to the same extent as though it had been expressed therein. In 9 Cyc. 582, it is said:

"The law of the place where the contract is entered into at the time of making the same is as much a part of the contract as though it were expressed therein."

In Underhill on Landlord and Tenant, p. 1402, § 820, it is said with relation to a statute relative to landlord's liens that:

"The statute creating a lien being the law of the state is by implication a part of every oral or written contract of lease made in the state. It is presumed that the parties know what the law is and that they executed the lease having the existence of the statutory lien in their minds."

To the same effect see *Manvell v. Weaver,* 53 Wash. 408, 102 Pac. 36; *Title Guaranty & Surety Co. v. Coffman, Dobson & Co.,* 97 Wash. 211, 166 Pac. 620.

In *Beall v. White,* 94 U. S. 382, considering a landlord's lien act passed by Congress, it is said:

"Liens of the kind, arising under the act of Congress, attach at the commencement of the tenancy, or whenever personal chattels, owned by the tenant and subject to execution for debt, are brought on to the premises. Statutory liens have, without possession, the same operation and efficacy that existed in common-law liens where the possession was delivered."

When the respondent took its chattel mortgage upon the crop it was charged with notice of the prior real estate mortgage, since that had been recorded, and also was charged with knowledge of the statutory provision which gave to the purchaser upon execution sale the right to a lien upon the crop produced during the period of redemption for interest upon the purchase price and for taxes paid, with interest. The lien of the appellant was, by virtue of his mortgage and the statute, prior in time to the lien of the respondent under its chattel mortgage and is therefore superior. In the case of *First National Bank of Harrington v. Womach,* 128 Wash. 492, 223 Pac. 586, a different situation was presented. There the purchaser at the execution sale did not have a prior specific lien. The judgment upon which he purchased was a general money judgment upon which execution issued. The lien of that judgment came into existence after the crop mortgage. In the case now before us the lien of the appellant under his real estate mortgage came into being prior to that of the respondent under its chattel mortgage. The case of *Kirby v. First National Bank of Pasco,* 131 Wash. 204, 229 Pac. 305, is now

pending in this court upon petition for rehearing and will not be further discussed at this time.

The respondent argues that § 602, *supra,* should be construed in connection with §§ 3779 and 3782, Rem. Comp. Stat. [P. C. §§ 9759, 9761]. The first of these sections provides that mortgages may be made upon all kinds of personal property and upon growing crops, and crops before the seed thereof shall have been sown or planted. The second section provides that every mortgage filed and indexed in pursuance of this chapter shall be held and considered to be full and sufficient notice to all the world of the existence and conditions thereof. There is nothing in either of those sections which calls for a different construction of § 602 than that which we have given it. In neither of them is there any provision with reference to the lien upon crops during the period of redemption.

The judgment will be reversed and the cause remanded with direction to the superior court to enter a judgment as herein indicated.

TOLMAN, C. J., PARKER, BRIDGES, and ASKREN, JJ., concur.