[No. 18615. *En Banc.* October 2, 1925.]

LEE KIRBY, *Appellant*, v. FIRST NATIONAL BANK OF PASCO, *Respondent.*[1]

CROPS (2)—GROWING CROPS—CONVEYANCES AND INCUMBRANCES—TITLE AND RIGHTS OF PURCHASER. A deed, made in July, does not convey a growing crop on the land, where the grantee had notice of a prior chattel mortgage and bill of sale of the growing crop by which it had been constructively severed.

Appeal from a judgment of the superior court for Franklin county, Truax, J., entered November 14, 1923, dismissing an action for an accounting, tried to the court. Affirmed.

*Chas. W. Johnson,* for appellant.
*Driscoll & Horrigan,* for respondent.

ON REHEARING.

ASKREN, J.—On July 26, 1921, Herman Sorrels executed in favor of appellant a mortgage on certain real estate in Franklin county. On November 4, 1922, he executed a chattel mortgage to respondent covering the personal property used on the mortgaged real estate and the 1923 crop of wheat. On July 6, 1923, he delivered to respondent a bill of sale of the personal property covered by the mortgage. The following day, July 7, 1923, he executed to appellant a deed to the mortgaged real estate. Respondent bank took possession of the personal property and sold the same. Ap-

[1]Reported in 239 Pac. 556.

pellant commenced an action to prevent respondent from going upon the premises and harvesting the crop. The trial court entered an order permitting the harvesting, but required that an accurate account should be kept, and upon the trial held that respondent was the owner of the crop in question, and dismissed the action. The evidence shows that, after respondent secured the bill of sale of the crop and personal property, one of its officers had a conversation with appellant and notified him that it had such bill of sale, and acting upon this information, appellant decided to secure a deed of the property in question in place of his mortgage. As we have seen, this was executed the day following the execution of the bill of sale.

The case has been argued strenuously in this court upon the theory of priority of mortgage liens, and much reliance is placed on our decisions relative thereto. But this case does not involve the priority of mortgage liens like *Mount v. Rockford State Bank,* 134 Wash. 479, 236 Pac. 82; nor the rights of a mortgagee where the mortgagor has been dispossessed under the express terms of his lease as in *Woody v. Wagner,* 89 Wash. 429, 154 Pac. 819; or by operation of law through forfeiture or foreclosure as in *Union Farm Land Co. v. Isaacs,* 106 Wash. 168, 179 Pac. 84. The rights of the parties to the action spring not from the mortgages which they originally held, but from the respective instruments of conveyance which they now hold—respondent's bill of sale and appellant's deed. The mortgages merely represent the considerations for the deeds.

So that the question reduced to its simplest terms is this: Did Sorrels' deed to the real estate on July 7 carry with it, as a matter of law, the growing crop thereon, when his grantee had actual knowledge that the crop had been sold by bill of sale prior thereto?

We think that it did not.  It is claimed that, inasmuch as this crop was not severed, title to it passes with the land; but while this may be the rule as between grantor and grantee when the rights of no third persons intervene, it has no application where there has been a constructive severance of the crop.  The right to incumber' and treat a growing crop as personalty is universally recognized.  17 C. J. 378.

The conclusion which we here reach is identical with that of the Departmental opinion reported in 131 Wash. 204, 229 Pac. 305, but since we think that opinion should have rested upon the rights acquired under the instruments of conveyance rather than the priorities of mortgages, the same is hereby set aside.

TOLMAN, C. J., PARKER, MACKINTOSH, HOLCOMB, and MITCHELL, JJ., concur.

FULLERTON, J., concurs in the result.