[No. 19914. Department Two. October 8, 1926.]

FIRST NATIONAL BANK OF LIND, *Appellant,* v. FARM
LOAN & INVESTMENT COMPANY, *Respondent.*[1]

[1] LANDLORD AND TENANT (28)—ASSIGNMENT OF LEASE—CONSTRUC-
TION AND OPERATION—PAYMENTS CONDITIONED ON RENEWAL. The
assignment of a lease of farm lands as collateral security, being
merely a chattel mortgage, does not prevent the lessor from ex-
tending it for one year; and the holder of the collateral would
not be entitled to compensation for summer fallow of the last
year, which, by the terms of the lease, was payable to the ten-
ant only in case the lease was not extended for one year.

Appeal from a judgment of the superior court for
Spokane county, Huneke, J., entered November 13,
1925, upon findings in favor of the plaintiff, in an
action on contract, tried to the court. Affirmed.

*G. E. Lovell* and *C. H. Brittenham,* for appellant.
*Lund & Dodds,* for respondent.

MAIN, J.—The plaintiff brought this action to re-
cover the value of summer fallowing certain land of
which it held the lease by assignment as collateral
security. The cause was tried to the court without a
jury, and resulted in findings of fact, conclusions of law
and a judgment dismissing the action, from which the
plaintiff appeals.

No bill of exceptions or statement of facts has been
brought to this court. The only question, therefore, is
whether the findings support the judgment.

[1] The facts as found may be summarized as fol-
lows: On October 19, 1923, the respondent, being then
the owner of certain real estate in Adams county,
leased the same to one Karl Roth, and the lease by its
terms expired on the first day of November, 1924.

[1]Reported in 249 Pac. 983.

Among other things, there was contained in the lease a provision that, if the land covered thereby was not leased to Roth for another year, he should be paid at the rate of $3.50 per acre "for all land summer fallowed during the summer of 1924." The lease also contained the provision that Roth, the tenant, should not assign or transfer the lease without the written consent or the permission of the landlord, the respondent. On October 19, 1923, the respondent in a letter to the appellant stated:

"It is satisfactory to us that he [Roth] shall assign this lease for the purpose of collateral security."

On October 30, 1923, Roth did assign the lease and recited:

"The within transfer and assignment being given to the First National Bank of Lind for collateral security to be held by them as collateral security for the payment of any indebtedness due by me to them."

On November 7, 1924, the respondent leased the land covered by the prior lease to Roth for the term of one year from and after November 1, 1924. Under the first lease and during the summer of 1924, Roth had summer fallowed four hundred and twenty acres of land. The value of this at $3.50 per acre, the amount specified in the lease, would be $1,470. It was this sum that the appellant sought to recover, claiming that, since it had an assignment of the first lease, Roth had no right to make the second and thereby defeat its recovery.

It must be remembered that the assignment was not absolute, but was as collateral security only. Had the assignment been absolute, a different question would be presented. In *Farmers' State Bank v. Scheel*, 124 Wash. 429, 214 Pac. 825, it was held that the assignment of a leasehold interest to secure a debt was in effect a chattel mortgage. In *Woody v. Wagner*, 89 Wash. 429, 154 Pac. 819, it was held that a chattel mort-

gage of growing crops was subordinate to the right of the landlord to cancel the lease in accordance with a provision therein contained. Roth, by assigning the lease in question to the appellant as collateral security, did not divest himself of the right to make a second lease as provided for in the first. In other words, the second lease having been made in accordance with the provisions of the first and Roth only being entitled to compensation for the summer fallowing of land in the event that a second lease was not made, no recovery can be had in this case.

The judgment will be affirmed.

TOLMAN, C. J., MITCHELL, PARKER, and MACKINTOSH, JJ., concur.