[No. 21762. Department One. September 27, 1929.]

FIRST NATIONAL BANK OF EPHRATA, *Appellant,* v. C. R. MELBERG *et al., Respondents.*[1]

[1]Reported in 280 Pac. 745.

*William M. Clapp,* for appellant.
*Daniel T. Cross,* for respondents.

FULLERTON, J.—On September 24, 1924, one S. D. Catlow was in possession of a tract of farm land, situated in Grant county, under a contract of purchase entered into with the state. On the day named, he leased the land to the respondent, Melberg, for a term ending on October 1, 1925. The rent reserved was one-third of the crops grown thereon during the term of the lease. During the summer preceding the time of the lease, Catlow had caused some three hundred acres of the land to be summer-fallowed, and this part of the land was then ready to be seeded. Melberg was then largely indebted to the appellant, First National Bank of Ephrata. To secure this indebtedness, and to secure a small additional advancement made by the bank to him, Melberg mortgaged to the bank all of his farm stock and farm utensils and his interest in the crop to be grown on the leased land during the crop season of 1925. Melberg took possession of the land shortly after the execution of the lease, and Catlow went to the state of California. On March 1, 1925, Melberg wrote to Catlow, informing him that he had filed a petition in bankruptcy, and did not have the finances or equipment with which to carry out the contract of lease, concluding his letter as follows:

". . . It will soon be time to seed said land, and wishing to give you an opportunity to secure another tenant, I hereby notify you that I surrender my lease, and will not undertake to carry out its terms, and you are authorized to take possession of the premises, and do with it as you please."

Catlow came back to the farm after the receipt of the letter, and purchased the seed wheat with which

the farm was afterwards seeded. Later on, Catlow died, and his son, as the executor of his estate, superintended the harvesting of the crop, and sold it on behalf of the estate to the respondent Drumheller. Melberg performed the principal part of the labor required to seed the land, and the principal part of the labor required to harvest the crop.

The principal controversy between the parties is over the questions whether there was an actual surrender of the lease, and whether Melberg was not the actual owner of a tenant's share in the crop. Melberg testified that there was an actual surrender of the lease before the land was seeded, and testified that he performed the labor of seeding the crop as the employee of Catlow, and the labor of harvesting the crop as the employee of the executor, and was paid for his services in part by Catlow and in part by the executor. His testimony as to harvesting the crop is supported by that of the executor. The appellant, on its branch of the case, was compelled to rely largely on the circumstances surrounding the transactions, but these, while consistent with its contention that Melberg carried out the terms of the lease, are not inconsistent with the claims of the respondent.

The appellant contends, however, that the testimony of Melberg is inadmissible, as it related to transactions had with a deceased person. But we cannot think the appellant is in a situation to invoke the rule on which it relies. The statute (Rem. Comp. Stat., § 1211) provides that, in an action or proceeding where the adverse party sues or defends as executor, administrator, or legal representative of any deceased person, or as deriving right or title by, through, or from any deceased person, then a party in interest or to the record shall not be admitted to testify in his own behalf to any transaction had by him with, or to

any statement made to him by, such deceased person. But the plaintiff is not suing in any of the capacities defined by the statute. It does not derive its right or title to the property it seeks to recover by, through, or under the deceased Catlow. Its rights, if any it has, are derived through Melberg, who is competent to testify to any fact, within his knowledge, which tends to support or refute its claimed right. The trial court found with the respondents, and with Melberg's testimony in the record, and we are clear that the testimony supports the finding.

The parties do not disagree as to other legal principles applicable to the case. It is conceded that a valid mortgage may be executed upon a crop to be seeded and grown in the future (Rem. Comp. Stat., § 3779; *First National Bank of Harrington v. Womach,* 128 Wash. 492, 223 Pac. 586) and conceded that, in instances where the mortgagor is a tenant of the property on which the crop is to be grown, the mortgagor must perform the conditions of the lease to the extent of actually seeding the land, else the lien of the mortgage will not attach. *Third National Bank v. Kniffen,* 143 Wash. 434, 255 Pac. 378.

The judgment of the trial court is affirmed.

TOLMAN, FRENCH, BEALS, and HOLCOMB, JJ., concur.