[No. 24373.  Department One.  April 21, 1933.]

LeRoy Pease, *Appellant*, v. C. D. Stephens *et al.,* *Respondents.*[1]

*Wright & Wright (Felix Rea,* of counsel), for appellant.

*Rigg, Brown & Halverson,* for respondents.

Holcomb, J.—Appellant in this action foreclosed a mortgage upon farm property in Yakima county, and sale was had on January 9, 1932, at which sale appellant bid the full amount of his judgment, including costs and interest, which amounted to $8,235.52.  This

[1]Reported in 21 P. (2d) 294.

action was brought by appellant against both respondents herein to foreclose a lien for the amount of taxes paid by appellant subsequent to the sale, amounting to $852.29, with interest at six per cent per annum from March 23, 1932, the date of payment; and also for the amount of interest at six per cent per annum on $8,235.52 from January 9, 1932, for one year, because there had been no redemption, amounting to $494.14.

At the trial, it developed that respondents Stephens and wife were the parties occupying the property under a claim of homestead made on November 28, 1931, prior to the sheriff's sale. They were subsequent purchasers from the original mortgagors and had assumed and agreed to pay the mortgage, whereby they became liable for a personal judgment. They were occupying the land as a home, and raised a fruit crop thereon. The quantity or value of the farm property at the time of the declaration of the homestead are not questioned here.

During the period of redemption, respondent Stephens, in the course of his farming operations, found it necessary to obtain financial assistance, which he received from respondent Prentice Packing & Cold Storage Company, in return for which he executed a chattel mortgage on all of his crops in favor of that company, and also entered into a marketing contract with it whereby he agreed to and did deliver all of the crops raised during the period of redemption to that company.

Respondent Stephens and wife claimed the premises as exempt, together with the rents, issues and profits thereof, under their claim of homestead. The trial court gave judgment in favor of respondents, and this appeal results.

This appeal calls for another construction of Rem. Rev. Stat., § 602, which reads:

14

"The purchaser from the day of sale until a resale or redemption, and the redemptioner from the day of his redemption until another redemption, shall be entitled to the possession of the property purchased or redeemed, unless the same be in the possession of a tenant holding under an unexpired lease, and in such case shall be entitled to receive from such tenant the rents or the value of the use and occupation thereof during the period of redemption: Provided, that when a mortgage contains a stipulation that in case of foreclosure the mortgagor may remain in possession of the mortgaged premises after sale and until the period of redemption has expired the court shall make its decree to that effect and the mortgagor have such right: Provided, further, that as to any land so sold which is at the time of the sale used for farming purposes, or which is a part of a farm used, at the time of sale, for farming purposes, the judgment debtor shall be entitled to retain possession thereof during the period of redemption and the purchaser or his successor in interest shall if the judgment debtor do not redeem have a lien upon the crops raised or harvested thereon during the period of such possession for interest on the purchase price at the rate of six per cent per annum during the period of possession and for any taxes with interest: And, provided further, that in case of any homestead selected in the manner provided by law and occupied for that purpose at the time of sale, the judgment debtor shall have the right to retain possession thereof during the period of redemption without accounting for issues or value of occupation."

Appellant cites the earlier statute of 1897, and contends that, when the legislature passed the later act of 1899, which, with some slight modification, is now codified as § 602, *supra,* it was for the purpose of remedying some mischief under the earlier statute. It is asserted that, under the later statute, it was the intention by the second proviso thereof that a judgment creditor have a lien upon the crop raised on land farmed by the judgment debtor during the year of

redemption and for the legal interest of six per cent on the purchase price and for taxes paid by the judgment creditor. That this was done in order to give the farmer a chance to redeem, but, if he did not redeem, he was not to get the income from the farm for a year for nothing; that he would be required to pay interest on the purchase price and taxes if he took advantage of his right to enjoy the income on the farm for a year after the foreclosure sale. It is further argued that the third and last proviso is inconsistent with the other two, and would render the second proviso ineffective.

We agree with appellant that an act must be so construed that every part of it and every legislative expression be given effect, if possible, as followed by this court in many cases from *State ex rel. Chamberlin v. Daniel,* 17 Wash. 111, 49 Pac. 243, to and including *State v. Hilstad,* 148 Wash. 468, 269 Pac. 844.

We can see nothing inconsistent or conflicting between the third and last proviso of § 602, *supra,* and the preceding portions of the section. Each has ample field for operation. This last proviso was construed in *North Pacific Loan & Trust Co. v. Bennett,* 49 Wash. 34, 94 Pac. 664, where it was claimed to be unconstitutional, and where we held that it was constitutional and a valid declaration of the state's public policy relative to premises occupied by a judgment debtor as a homestead. We also held that it was to be liberally construed as an exemption law. Cf. *Nelsen v. McKeen,* 165 Wash. 274, 5 P. (2d) 333, and *Union Central Life Insurance Co. v. Fischer,* 169 Wash. 75, 13 P. (2d) 889, as to liberality of construction of the homestead law. The last proviso is specific and, under well defined rules of statutory construction, is a further limitation on the general portion of the statute. It should be regarded as an exception to the general provision,

so that both may be given effect. 59 C. J. 1000. This is the only reasonable interpretation, and is consistent with the quotations by appellant from 59 C. J. 995 and 1000, as giving effect to the entire statute, including the last proviso, which is plain and positive.

Appellant also contends that his lien is, in any event, superior to the claim of the packing company, relying upon *Mount v. Rockford State Bank,* 134 Wash. 479, 236 Pac. 82. That case involved a contest between the holder of a real estate mortgage which had been foreclosed and a chattel mortgage holder, the chattel mortgage being subsequent in time to the real estate mortgage. We there held that the purchaser at the real estate mortgage foreclosure sale had a lien for interest accruing on the purchase price during the period of redemption, under Rem. Rev. Stat., § 602, superior to that of the subsequent chattel mortgage on a crop raised during such period, it being incumbent upon the chattel mortgagee to take notice of the recorded real estate mortgage and of the subsequent foreclosure and sale. That case is not applicable in this case.

We consider the judgment of the trial court right, and it is affirmed.

BEALS, C. J., MITCHELL, and MILLARD, JJ., concur.