[No. 26120. Department Two. August 24, 1936.]

LLOYD L. HUGHES, INC., *Respondent,* v. A. V. WIDDERS
*et al., Defendants,* THE WEST SIDE NATIONAL
BANK OF YAKIMA, *Appellant.*[1]

[1]Reported in 60 P. (2d) 243.

*Harcourt M. Taylor,* for appellant.

*Cheney & Hutcheson* and *Walter J. Robinson, Jr.,* for respondent.

MAIN, J.—This action is based upon a promissory note. At the time the action was instituted, a writ of garnishment was issued and served upon Hugo V. Loewi, Inc., a corporation. At the same time, a writ of attachment was issued and levied upon sixty-four bales of hops that were then in a warehouse owned by Harvey Beaulaurier. Subsequently, the West Side National Bank of Yakima, a corporation, intervened and claimed rights in the hops superior to those of the plaintiff. The cause was tried to the court without a jury and resulted in findings of fact and conclusions of law to the effect that the rights of the plaintiff were superior to those of the intervener. From the judgment entered in accordance with the findings and conclusions, the intervener appeals.

No bill of exceptions or statement of facts has been brought to this court, and the question presented is whether the findings of fact support the judgment. The facts, as they appear in the findings, will be summarized in so far as it is necessary to present the law question or questions here for determination.

A. V. Widders operated a hop ranch in Yakima county. December 2, 1932, he and his wife entered into a contract with Hugo V. Loewi, Inc., by which all the hops produced by them over a number of years, including the year 1935, were sold to that company. Under

this contract, Hugo V. Loewi, Inc., advanced the money from year to year for the production of the crops. For the crop of 1935, which is here in issue, fourteen hundred dollars had been advanced.

Widders, the producer, had also borrowed money from the West Side National Bank, the appellant, for which he gave his promissory note and assigned, as collateral security for the payment of the same, the contract which he had with Hugo V. Loewi, Inc. This assignment recites:

"Assigned to the West Side National Bank the following Hop Contracts . . . for the years 1933, 1934, 1935, 1936, and 1937, . . ."

September 3, 1935, Widders delivered to the bank an order upon the agent of Hugo V. Loewi, Inc., directing that, from the returns due Widders on the 1935 crop, after deducting the advance of fourteen hundred dollars previously made, four hundred dollars be paid to the bank. This order was accepted. The present action was begun October 2, 1935. It thus appears that the assignment and order referred to were made prior to the time the action was instituted. Prior to the trial, under stipulation, the hops were sold, and, after paying Hugo V. Loewi, Inc., the amount due it, the balance, $498.65, was paid into the registry of the court to await the final determination of the action.

The controversy here is over the superior right to the sixty-four bales of hops produced in 1935. As already stated, the bank claims that its rights to the proceeds of the hops are superior to those of the respondent, the attaching creditor. The appellant, in its brief, says:

"Our contention throughout has been that the defendant Widders held only the naked legal title to the hops, having parted with all beneficial interest to the

purchaser [Hugo V. Loewi, Inc.] and to the appellant. . . ."

The first inquiry is whether title to the hops had passed from Widders at the time the attachment was levied. The contract provided that Widders should serve notice, in writing, upon the purchaser at least ten days before the day on which delivery of the hops was to be tendered. The contract also provided that they should be of a certain quality and color, well-dried and cured, free from vermin damage, and in good merchantable order and condition. The delivery specified in the contract was at a place other than the warehouse owned by Beaulaurier where the hops were at the time they were attached.

When the levy was made, no notice had been served of an intention to deliver, as required by the contract. The hops had not been inspected, weighed or accepted by Hugh V. Loewi, Inc. All these things remaining to be done, the contract, at the time the attachment was levied, was purely executory, and the title to the hops was at that time in Widders. *In re Commercial Bank,* 57 Wash. 381, 106 Pac. 1124; *Rivard v. Loudon,* 184 Wash. 234, 50 P. (2d) 914, 50 P. (2d) 1151; *F. D. Barton & Co. v. Turnbull,* 226 Mich. 685, 198 N. W. 186; *Davidhizar v. Elgin Forwarding Co.,* 89 Ore. 89, 173 Pac. 893.

The assignment to the bank was not executed and filed as is required in the case of a chattel mortgage. The appellant says that this was not necessary because the assignment covered a mere chose in action. If the assignment was of a chose in action, it was not necessary that it be executed and filed as a chattel mortgage, because the statute covering the manner of the execution and filing of chattel mortgages refers to tangible property which may be taken into possession. *Heermans v. Blakeslee,* 97 Wash. 647, 167 Pac. 128.

Where there is an assignment of a lease of real estate, such assignment, in order to shut off the rights of creditors, must be executed as a chattel mortgage, because a leasehold interest in real estate is a tangible interest that the assignee may take into his possession. *Farmers State Bank v. Scheel,* 124 Wash. 429, 214 Pac. 825; *First Nat. Bank of Lind v. Farm Loan & Inv. Co.,* 140 Wash. 410, 249 Pac. 983. That rule was applied in the case of *First Guaranty Bank v. Western Cross Arm & Mfg. Co.,* 139 Wash. 614, 247 Pac. 1027, where there was a contract for the sale of standing timber, which was treated as personal property, and the contract had been assigned as collateral security for a loan.

The fact that the respondent, at the time the attachment was issued, knew of the prior assignment of the contract by Widders to the appellant, is not material, since the assignment would not be a mortgage so far as its rights were concerned. *Smith v. Allen,* 78 Wash. 135, 138 Pac. 683, Ann. Cas. 1915D, 300.

From what has been said, it thus appears that the right of the respondent to the money paid into court was superior to the claim of the appellant under its assignment.

The judgment will be affirmed.

MILLARD, C. J., BEALS, BLAKE, and STEINERT, JJ., concur.