[No. 32039.    Department Two.    December 4, 1952.]

MIRIAM PARRISH, *Respondent,* v. SOUTHWEST WASHINGTON
PRODUCTION CREDIT ASSOCIATION, *Appellant,* KATHRYN
PARRISH, *Individually and as Administratrix,*
*Defendant.*[1]

[1]Reported in 250 P. (2d) 973.

*J. D. Searle* and *Lee J. Campbell,* for appellant.

*Robbins & Robbins* and *Ralph E. Franklin,* for respondent.

SCHWELLENBACH, C. J.—This is an appeal from a judgment in an action to foreclose a real-estate mortgage, determining that certain machinery and equipment claimed to be chattels by appellant, were in fact fixtures attached to the real property covered by respondent's mortgage.

Rolla Parrish, now deceased, and Miriam Parrish, were husband and wife until their divorce January 6, 1948. During their married life they owned the land in question and developed it into a successful and valuable cranberry farm (known as a cranberry bog). When the parties were divorced, they entered into a property settlement under the terms of which the husband was to be given the real property valued at one hundred-fifty thousand dollars, and he in turn was to execute a note to the wife in the amount of seventy-five thousand dollars, secured by a real-estate mortgage on the real property to be awarded to him. This property settlement was approved by the court in the divorce action. January 6, 1948, the date of the interlocutory order, Rolla Parrish executed his note in the amount of seventy-five thousand dollars to Miriam, together with the real-estate mortgage, which was recorded by her the same day. After describing the property the mortgage provided:

"Together with all the singular the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining, and which may hereafter thereto belong or appertain, and any and all fixtures upon said premises at the time of the execution of this mortgage or at any time during the term of this mortgage."

In 1940, 1941, 1942, 1943 and 1946, during their marriage, Rolla and Miriam Parrish borrowed money from Southwest Washington Production Credit Association for the operation of their farm and, as security for these loans, executed chattel mortgages covering many of the articles of machinery

and equipment now in dispute. These mortgages were all satisfied prior to the divorce.

After the divorce, Rolla married Kathryn Parrish and they continued to operate the farm. Rolla and Kathryn also borrowed money from the appellant association and executed chattel mortgages on the machinery and equipment. These mortgages were not satisfied.

The payments secured by the real-estate mortgage being in default, Miriam Parrish commenced this action of foreclosure, joining the association as party defendant, alleging that it claimed some right, title, interest or lien upon the property sought to be foreclosed, but that any such right, title, interest or lien was subject and inferior to her lien. The association alleged the execution of chattel mortgages by Rolla and Kathryn Parrish and claimed that the lien of its mortgage was superior to the lien claimed by the plaintiff. (Note: Subsequent to the commencement of the action, Rolla Parrish died and Kathryn Parrish, as administratrix of his estate, was substituted as party defendant. She is not appealing.)

The trial court made findings of fact and conclusions of law determining certain items to be fixtures and subject to the real-estate mortgage, and other items to be personal property subject to appellant's chattel mortgages. Judgment was entered accordingly and appellant appeals from that portion of the decree declaring certain of the property to be fixtures subject to respondent's mortgage.

Appellant makes two assignments of error:

"1. Entering judgment declaring certain items of personal property to be fixtures and covered by the real estate mortgage, and failure to adjudge said items of property to be personal property and covered by chattel mortgages.

"2. Failure to grant motion for new trial."

█ There is no assignment of error to the findings of fact made by the trial court; we therefore accept those findings as the established facts of the case. *J. A. Wiley Co. v. Riggle,* 40 Wn. (2d) 339, 243 P. (2d) 493.

With respect to the property in dispute the trial court found:

". . . That the watering and sprinkling system, including pipe lines consisting of trunk lines and lateral pipe lines, sprinkler heads, pumps, motors, frames, power poles and wiring and transformers, constitutes an integrated system installed with the intention of making a permanent improvement to the property, actually annexed to the realty, designed and constructed to make the particular land a commercial cranberry bog. . . ."

■ In *Forman v. Columbia Theater Co.,* 20 Wn. (2d) 685, 148 P. (2d) 951, this court stated that the true rule relative to fixtures was contained in the following language from *Filley v. Christopher,* 39 Wash. 22, 80 Pac. 834:

" 'The true criterion of a fixture is the united application of these requisites: (1) Actual annexation to the realty, or something appurtenant thereto; (2) application to the use or purpose to which that part of the realty with which it is connected is appropriated; and (3) the intention of the party making the annexation to make a permanent accession to the freehold.' "

In *Ballard v. Alaska Theatre Co.,* 93 Wash. 655, 161 Pac. 478, we find the following statement:

"In determining whether a chattel which has been annexed to the freehold is a trade fixture or a part of the realty, the cardinal inquiry is into the intent of party making the annexation. Often there is difficulty in determining the intent, but, whatever may be the legal relation of the parties between whom the controversy is waged, when the intent is discovered it is generally controlling."

See, also, *Reeder v. Hudson Consolidated Mines Co.,* 118 Wash. 505, 203 Pac. 951.

■ Applying these principles to the established facts of this case, we conclude that the trial court did not err in holding that the items were fixtures within the provisions of respondent's real-estate mortgage.

Appellant contends, however, that even if it should be determined that the chattels would ordinarily be fixtures, respondent cannot now be heard to make that contention. Appellant bases this argument on the fact that respondent

had previously joined in executing chattel mortgages on the identical items of property, thereby declaring them to be personalty. In the words of appellant, as stated in its brief:

". . . having once intended that they should be chattels, the respondent cannot now be heard to say that they are fixtures."

The authorities cited by appellant in support of this argument are not applicable to the facts of this case.

A similar contention was presented in the case of *Planter's Bank v. Lummus Cotton Gin Co.*, 132 S. C. 16, 128 S. E. 876, 41 A. L. R. 592. In disposing of this argument, that court said:

"It is contended by the defendant that the machinery cannot be considered fixtures, for the reasons that in the contract of purchase the vendee Clinkscales agreed that the machinery would not be 'a fixture to any realty,' and that after it had been installed the vendee executed a chattel mortgage upon it in favor of the defendant.

"It is not uncommon for the seller of machinery, under a reservation of title contract to insist upon an agreement by the buyer that it shall not be deemed a fixture and such stipulations are generally valid; the machinery retaining its character as personal property. But it is universally and logically held that such a stipulation is for the benefit of the seller, and that when the buyer's obligation to him has been discharged, it is no longer operative."

In 36 C. J. S. 920, Fixtures, § 13, the authors state:

"*Loss of character as personalty.* Conceding that the article annexed retains its chattel character by reason of the agreement, it loses such character as soon as the separate interest of the beneficiary under the agreement is extinguished, as by his transfer of the article to the landowner, his discharge of the obligation, his receipt of payment extinguishing his right."

■ Although the foregoing authorities refer to a vendor-vendee relationship, we feel that the reasoning expressed applies with equal force to the factual situation involved here, and hold that, upon satisfaction of the mortgages, any right which the appellant may have had to contend that the

items were personalty, was extinguished. As between appellant and Rolla and Miriam Parrish, upon satisfaction of the chattel mortgages, the machinery and equipment involved lost their status as chattels and resumed their original status as fixtures annexed to the land.

Respondent was in no way a party to the mortgages made between Rolla Parrish and appellant subsequent to her divorce.

When the appellant took the existing chattel mortgages from Rolla Parrish and his second wife, it had actual knowledge of the prior divorce, and constructive knowledge of respondent's mortgage covering the fixtures on the property.

In *Mount v. Rockford State Bank,* 134 Wash. 479, 236 Pac. 82, we said:

"When the respondent took its chattel mortgage upon the crop it was charged with notice of the prior real estate mortgage, since that had been recorded, and also was charged with knowledge of the statutory provision which gave to the purchaser upon execution sale the right to a lien upon the crop produced during the period of redemption for interest upon the purchase price and for taxes paid, with interest. The lien of the appellant was, by virtue of his mortgage and the statute, prior in time to the lien of the respondent under its chattel mortgage and is therefore superior."

Respondent's mortgage is a valid, subsisting lien on the real property described therein, together with the fixtures attached thereto, and is prior and superior to the claimed lien of appellant.

The judgment is affirmed.

HILL, HAMLEY, FINLEY, and OLSON, JJ., concur.