WILLIAM H. BONNEY *versus* SAMUEL MORRILL.

When there are two monuments which may answer the call in a deed, and the true intendment can be ascertained by applying the legal rules of construction to the conveyance itself, the question is one of law.

The word "*from*" an object, or "*to*" an object, used in a deed, excludes the terminus referred to.

When a call in the deed is expressed as follows :— "thence easterly, about thirty-five feet, *to* land *now or formerly* owned by I. B., thence by I. B.'s land," &c.; and, previously thereto, the grantor in such deed had conveyed to I. B., by deed of warranty, *not* recorded, a two foot strip of land off from the side of his land adjoining I. B.'s land, so that the said call *might* cover the two foot strip :— *Held*, the Court would not presume that the grantor intended to defraud his prior grantee; that the language excluded all the land which I. B. then owned, or had at any previous time owned there; and that I. B. did not the less own the two foot strip that his deed was not recorded.

ON REPORT from *Nisi Prius*, APPLETON, C. J. presiding. WRIT OF ENTRY.

The question was as to the title to a two foot strip of land which the defendant's grantor conveyed by his deed of warranty to Isaac Bonney, in 1831, (which deed was not recorded until 1860,) off from the easterly side of his lot, and adjoining said Bonney's other land, under whom, through several mesne conveyances, the plaintiff holds.

The case will be readily understood by referring to the following diagram.

Cedar Post. | 31 5/12 feet. | Horace Gould's land. | 3ft. 7in. | | N. |

Samuel Benjamin's land, now owned by Defendant. | Land in dispute. | Isaac Bonney's land, now owned by Plaintiff. | S.

4ft. 3in.

Road through Winthrop village.

Bonney *v.* Morrill.

The facts are sufficiently stated in the opinion.

The presiding Judge ruled that the western line of the two foot strip was the boundary intended by Samuel Benjamin, the grantor, in the deed of September 21, 1846, to Samuel N. Tufts, and was therefore the true boundary between the parties to this suit.

If this ruling is correct, it is to be final on the defendant; but if said ruling is erroneous, then said action is to stand for trial; and, if the parties do not agree as to where the line is on the face of the earth, according to the decision of the Court, it is to be determined by the jury.

*S. May*, for the plaintiff.

*Libbey*, for the defendant, argued : —

1. The presiding Judge erred in his construction of the deed from Benjamin to Tufts. When there are two monuments, either of which will answer the calls of the deed, it is a question of fact for the jury to determine which is meant by the parties. *Lincoln* v. *Wilder*, 29 Maine, 169 ; *Madden* v. *Tucker*, 46 Maine, 367.

2. But, if it is a question of law for the Court, the construction adopted is not the true one. At the time of the deed from Benjamin to Tufts, Isaac Bonney owned the Bonney lot, but not the two foot strip. The language of the deed is, "now or formerly owned by Isaac Bonney." The two foot strip cannot be the land referred to as the land "*now*" owned by Bonney. B. formerly owned the two foot strip, and the Bonney lot, but his title to the strip was not recorded, and Tufts had no notice. The parties cannot be said to refer to a line, as a monument, of which the grantee had no knowledge, when there is another line answering the calls of the deed known to both parties. Where there are two boundaries which answer the calls of the deed, the one which is most certain will control. The west line of the Bonney lot answers both words, "now" and "formerly." The title was recorded and known, and it makes tenant's lot thirty-five feet wide as described in the deed. It should

govern. *Crosby* v. *Parker*, 4 Mass., 110; *Cleaveland* v. *Flagg*, 4 Cush., 76; *Crowell* v. *Jackson*, 9 Met., 150, and the case before cited.

When the meaning of the terms of the deed are doubtful, it is to be construed most strongly against grantor. *Vose* v. *Handy*, 2 Greenl., 322; *Herrick* v. *Hopkins*, 23 Maine, 217; *Ricker* v. *Barry*, 34 Maine, 116; *Alden* v. *Noonen*, 32 Maine, 113; *Abbott* v. *Pike*, 33 Maine, 204; *Dana* v. *Middlesex Bank*, 10 Met., 250; *Cook* v. *Babcock*, 7 Cush., 526; *Northrop* v. *Sumner*, 27 Barb., 196.

The opinion of the Court was drawn by

BARROWS, J.—This is a question of boundary, depending upon the construction of the deeds under which the parties severally claim.

The plaintiff and defendant are the owners of adjoining lots, lying on the northerly side of a road, or street, running easterly and westerly, in the village of Winthrop. Prior to June 16, 1831, Samuel Benjamin owned the lot which the defendant now claims, and Isaac Bonney owned the plaintiff's lot, as per deed from Edmund Frost, and there seems to be no dispute as to where the dividing line between the lots at that time was.

On that day said Bonney received a conveyance from said Benjamin of a two foot strip adjoining said Benjamin's western line, and it is the title to this two foot strip which is now in controversy. Isaac Bonney neglected to place this deed from Benjamin on record, but he mortgaged it by deed duly recorded, with the rest of his lot, to Alexander Belcher, January 19, 1832, and the case finds that, whatever title Belcher thereby acquired, is now in the plaintiff. On Oct. 10, 1843, being still a mortgager in possession, he conveyed to B. C. Joy a strip three feet in width, on the west side of his lot, including, with the two foot strip purchased of Benjamin, one foot of the lot originally deeded to him by Frost, and this deed to Joy was duly recorded. Joy, also, who took only a right of redemption in the strip conveyed

to him, (the whole being at the time subject to Belcher's mortgage,) released to the plaintiff, so that it is clear that whatever Isaac Bonney could hold there now belongs to the plaintiff.

But, before the deed from Benjamin to Isaac Bonney was recorded, viz., on Sept. 21, 1846, Benjamin conveyed his lot, by deed duly acknowledged and recorded, to Samuel N. Tufts, and the defendant has Tuft's title. In the deed from Benjamin to Tufts, the grantor, commencing his description of the lot to be conveyed at the south-west corner of the same, and giving first the westerly line, extending to a cedar post at the north-west corner, proceeds as follows, — " thence easterly, by land of Horace Gould, to land now or formerly owned by Isaac Bonney, thence southerly, by said Bonney's land, to the aforesaid road," &c. Hereupon, the defendant contends that the west line of the land, conveyed by Frost to Isaac Bonney, answers the calls in the deed as well as the west line of the two foot strip, which Benjamin had conveyed to him in 1831, and, therefore, that it is a question of fact for the jury, which line was intended by the parties to this conveyance, and that, whether this be so or not, inasmuch as Benjamin's deed of the two foot strip had not been recorded, and it does not appear that Tufts had notice of it, the true construction of the deed is, that it conveys the land up to the line of the original Bonney lot, as if the unrecorded deed from Benjamin to Bonney had never been made.

But we think neither of these positions tenable.

It is true that when there are two monuments which answer the calls in the deed *equally well*, and there is nothing in the deeds by which it may be determined which is the true one, parol evidence is admissible to explain the latent ambiguity, and it becomes a question of fact for the jury. But, whenever the true intendment can be ascertained by applying the legal rules of construction to the conveyances themselves, it is necessary for the security of titles and the prevention of vexatious and uncertain controversies, in which

it would be by no means certain that the right would prevail, that questions of this character should be thus determined. Parties resting securely upon the legal interpretation of the conveyance which they hold should not needlessly be exposed to the hazards of a conflict of testimony, and their written muniments of title exchanged for the uncertainty of human memory and verbal illustration.

Applying familiar rules of construction to these conveyances, it will be seen that here is no latent ambiguity.

In 1846, Tufts is bounded by "land now or formerly of Isaac Bonney," as a monument. "From" an object, or "to" an object, excludes the terminus referred to. All the land which Isaac Bonney then owned or had at any previous time owned there, was excluded by Benjamin from the conveyance which he made to Tufts. Bonney did not the less own the two foot strip that his deed of it had not been recorded. He had a deed of it from Benjamin, who was Tufts' grantor.

We cannot *presume* that Benjamin intended a fraud upon his first grantee, and moreover, as before remarked, he excludes from his conveyance to Tufts all the land there then or previously owned by Isaac Bonney. Suppose the deed from Frost to Bonney had not been recorded, and Bonney had owned the lot next easterly of it, under a duly recorded deed, would the conveyance to Tufts have covered all the land to the *easterly* line of the Frost lot, because Isaac Bonney, though the owner, had no *recorded* title to land west of it?

The defendant's counsel does not claim that the easterly third of the three foot strip, conveyed by Isaac Bonney to Joy, in 1843, passed to Tufts, but it would be necessary to include *that*, in order to reach land that Isaac Bonney owned by a recorded title.

It was the business of Tufts, being limited as he was by land either then or previously owned by Isaac Bonney, to ascertain what land Isaac Bonney had had there, before he

took such a conveyance, and though the records might afford the readiest, they were not the sole means of ascertaining.

The essential facts in this case are not distinguishable from those in *Wellington* v. *Fuller*, as stated by the Court, 38 Maine, 62, 63.

There is no dispute between the parties as to the location of the lines upon the face of the earth, and the westerly line of the two foot strip is the one which first plainly answers the calls in the deed, and Tufts and his grantees can hold nothing beyond it, under his deed from Benjamin. The ruling of the Judge, at *Nisi Prius*, was correct, and, according to the stipulation in the report, is therefore to be final on the defendant.                *Defendant defaulted.*

APPLETON, C. J., CUTTING, DAVIS and WALTON, JJ., concurred.