[Civil No. 2231.   Filed March 4, 1925.]

[233 Pac. 900.]

FRANCES WOODS, Appellant, v. NATIONAL SURETY COMPANY, a Corporation, Appellee.

1. BROKERS—"BROKER" DEFINED.—A broker is an intermediary or middleman, acting in a sense as agent of both parties in selling, buying, negotiating loans, leasing or renting, and collecting rents for compensation.

1. See 4 R. C. L. 242.

2. BROKERS—SURETY ON BROKERS' BOND NOT LIABLE FOR DAMAGE BY
   FAILURE TO USE MONEY LOANED TO PRINCIPAL IN BUILDING
   HOUSES AS AGREED.—Surety is not liable on, real estate broker's
   bond, conditioned as provided by Laws of 1921, chapter 160,
   for damages by broker's failure to use money loaned to him
   on mortgage in building houses on mortgaged property as agreed,
   and refusal to repay it; sections 1 and 2 expressly exempting
   broker from securing license or giving bonds to do acts therein
   specified concerning his own property.

3. BROKERS—EXTENT OF OBLIGATION UNDER REAL ESTATE BROKER'S
   BOND MEASURED BY LAW CREATING IT.—Extent of obligation
   under real estate broker's bond is measured by Laws of 1921,
   chapter 160, creating it.

4. BROKERS—SURETY'S STATUTORY OBLIGATION ON BROKER'S BOND
   NOT ENLARGED BY PRINCIPAL'S REPRESENTATIONS TO OBLIGEE.—
   That broker represented that surety bond given under Laws of
   1921, chapter 160, would secure and protect obligee making loan
   to broker for use in building houses did not enlarge surety's statu-
   tory ₀obligation, which obligee must be presumed to have known.

---

See (1) 9 C. J., p. 511.  (2) 9 C. J., p. 514 (1926 Anno.).  (3)
9 C. J., pp. 35, 514 (1926 Anno.).  (4) 9 C. J., p. 514 (1926 Anno.).

APPEAL from a judgment of the Superior Court
of the County of Pima. George R. Darnell, Judge.
Affirmed.

Mr. Paul J. Cella and Mr. William R. Misbaugh,
for Appellant.

Mr. Gerald Jones, for Appellee.

ROSS, J.—This action was brought by appellant,
hereafter · called plaintiff, against the defendants,
Charles E. Franklin and the National Surety Com-
pany, the former as principal in a statutory broker-
age bond and the latter as surety thereon.

The complaint in substance alleges a cause of
action as follows: That the defendant Franklin
was a duly licensed real estate broker in the city
of Tucson and practiced such a business as his sole
and only vocation and, among other things, borrowed

money upon mortgages and other collateral, with
which to purchase and improve real property and
construct dwellings thereon for sale to others in
the usual course of business; that in August, 1922,
defendant Franklin procured a loan of $5,000 from
plaintiff upon the representation that he was a duly
licensed and bonded broker engaged, among other
things, in borrowing money upon mortgages and
other collateral, with which he built houses for the
purpose of sale to others; that such money was de-
sired and was to be used to erect and pay for two
houses upon a certain piece of real estate in Tucson,
for sale to others who would assume and pay mort-
gages placed on said property and houses to be built
thereon; that the mortgages would be a first lien on
property and would, together with surety bond, se-
cure and protect plaintiff; that the plaintiff believed
such representations, and believed in the honesty
and integrity of Franklin as such licensed real estate
broker, and loaned him said $5,000, he and his wife
having first executed mortgages on said property
to plaintiff; that defendant Franklin did not build
the houses, and has failed and refused to repay
plaintiff to her damage in the sum of $5,000.

Judgment was asked against Franklin for $5,000
and against the surety company for the sum of
$2,500, the full penalty of the surety bond.

To this complaint the surety company interposed
a general demurrer, which was sustained, and, the
plaintiff standing upon her complaint and not desir-
ing to amend, judgment of dismissal was entered.
She appeals.

The sole question is as to whether the complaint
stated a cause of action against the defendant surety
company. We think the purport and effect of the
complaint is that plaintiff loaned defendant Franklin
$5,000, taking as security therefor real estate of such

27 Ariz.—31

defendant, and that such loan was made upon the assurance and representation that said money would be used in building two houses on real estate, which was not done; the money being otherwise used.

Chapter 160, Laws of 1921, was enacted for the purpose of regulating and supervising the real estate business in the state. Section 1 provides that no person, firm, copartnership or corporation may engage in such business as a broker, without first having obtained a license therefor. Section 2 thereof, among other things, defines a real estate broker as follows:

"A real estate broker, within the meaning of this act, is a person, firm, copartnership or corporation, who, for compensation, sells, or offers for sale, buys, or offers to buy, or negotiates the purchase or sale or exchange of real estate, or who, for compensation, negotiates loans on real estate, leases or offers to lease, rents, or leases for rent, or collects rent from real estate, or improvements thereon, for others, as a whole or partial vocation. . . . Provided, however, that this act shall not apply to any person, copartnership or corporation who shall perform any of the acts aforesaid with reference to property owned by such person, copartnership or corporation. . . . "

The bond was conditioned as the statute provides.

While it appears from the complaint the defendant Franklin was a real estate broker at the time of the transaction, it is obvious the transaction itself was not within the definition of his business as such broker. A broker sells or buys, or negotiates loans, leases, or rents, and collects rents for *others for compensation.* If he does any of these acts concerning his own property, the statute expressly exempts him from the necessity of securing a license or giving a bond. When dealing with his own property he is not doing so for compensation, and is not a real estate broker, as the statute defines that term. A broker is an in-

termediary or middleman and, in effecting a sale or exchange of property, or doing any of the acts defined by the statute as brokerage acts, is, in a certain sense, the agent of both parties to the transaction. 9 C. J. 510, § 10.

The bond in this case is conditioned that the principal will "practice the business of real estate brokerage in a truthful and reliable manner," and this, of course, means when he does any of the acts of selling, buying, renting, leasing or negotiating loans on real estate for others for compensation, or offers to do any such acts. The transaction set out in complaint does not come within the terms of the statute, or the surety bond—indeed, it is expressly excepted therefrom—and cannot therefore be made the basis of an action for damages against the surety company on its bond. The bond is just as broad as the law, and the extent of its obligation is measured by the law of its creation. 9 C. J. 34, § 56; *Southern Surety Co.* v. *Cochise County, ante,* p. 473, 233 Pac. 897.

The allegation of the complaint that defendant Franklin represented that his surety bond would "secure and protect plaintiff" could in no way enlarge the statutory obligation of the surety company, and it must be presumed plaintiff knew the law fixing the surety's liability.

The ruling of the court sustaining the demurrer and dismissing the complaint is sustained.

McALISTER, C. J., and LOCKWOOD, J., concur.