[No. 20197. Department One. May 2, 1927.]

WENATCHEE ORCHARD SYNDICATE, *Appellant,* v. FIDELITY & DEPOSIT COMPANY OF MARYLAND, *Respondent.*[1]

[1] OFFICERS (57) — LIABILITIES ON OFFICIAL BONDS — EXTENT. An official bond, conditioned that the officer "shall" faithfully perform all the duties required of him by law and "shall" account for all property etc., is prospective, only and does not cover delinquencies occurring prior to its execution, in the absence of any statute or stipulation in the bond to the contrary.

Appeal from a judgment of the superior court for Chelan county, Parr, J., entered July 1, 1926, in favor of the defendant, dismissing an action on contract, upon sustaining a demurrer to the complaint. Affirmed.

*E. T. Trimble* and *C. B. Hughes,* for appellant.

*Grinstead, Laube & Laughlin* and *R. John Lichty,* for respondent.

MAIN, J.—By this action, the plaintiff seeks to recover damages to an orchard owned by it, claimed to have been caused by the use of improper spray material. Four of the defendants are state officers, and on the official bond of each of three of them, the defendant the Fidelity & Deposit Company of Maryland was surety. To the second amended complaint, the Fidelity & Deposit Company of Maryland interposed a demurrer, which was sustained. The plaintiff refused to plead further as to that defendant and elected to stand

[1]Reported in 255 Pac. 943.

upon its complaint. From the judgment entered dismissing the action, the plaintiff appeals.

The bonds of the three state officers were uniform in terms, except as to the amounts of the obligation and the designation of the principals. Using one of these bonds as a type, the material portions are as follows:

"The condition of this obligation is such, that whereas, the above bounden principal was on the......................day of................................................., duly appointed to the office of director, Department of Agriculture, for the period and term beginning on the 1st day of April, A. D. 1925.

"Whereas, the said Principal is required by law to give and file an official bond previous to entering upon the duties of said office; and

"Whereas, the amount of said bond has been fixed at five thousand and no/100 ($5,000.00) dollars;

"Now therefore, if the said principal shall well, truly, faithfully and impartially perform, fulfill and discharge all the duties required of him by law, as such director and shall well, truly, faithfully and impartially fulfill the duties of said office as such duties are prescribed by any law which may be enacted subsequent to the execution of this bond and shall account for all property of the state that shall come into his possession by virtue of his office or employment, then this obligation shall be void; otherwise, to remain in full force and effect."

The damage for which recovery is sought occurred, as it is alleged, between the 10th and 15th days of April, 1925. The bonds in question were executed July 1, 1925, and approved August 6, 1925. It thus appears that the damage for which recovery is sought occurred prior to the execution and approval of the bonds. The question is, whether the bonds on their face show that they were intended to be retrospective or prospective.

[1] In the absence of a statute providing otherwise or express stipulation in the bond, sureties on

officers' bonds are not liable for defaults occurring before the execution of the bond. In Throop on Public Officers, § 204, it is said:

"The general rule is, that unless the bond is in express terms retrospective, it binds the sureties with respect to future transactions only, and that they are not liable for any default in the condition of the bond which had already occurred, when the bond took effect; whether it occurred during a previous portion of the official term for which the bond was given, or during a previous term for which the bond was given, or during a previous term of the same office held by the principal."

In Brandt, Suretyship and Guaranty, vol. 2, § 625, it is said:

"As a general rule, the bond of a public officer has no retroactive effect, and does not cover past delinquencies unless it in terms says that it is to have such effect."

In Pingrey on Suretyship and Guaranty, § 302, it is said:

"In the absence of a statute providing otherwise, or of express stipulation in the bond, sureties on officers' bonds are not liable for the defaults of their principal occurring before the execution of the bond."

The text writers are supported by the adjudicated cases. *Inhabitants of Scarborough v. Parker,* 52 Me. 252; *State v. Polk,* 82 Tenn. 1; *Myers v. United States,* 1 McLean (U. S.) 493; *United States v. Boyd,* 40 U. S. 187. The rule stated appears to be supported by uniform authority.

The question then is, whether the bonds involved upon this appeal by their language were intended to cover acts which occurred prior to their execution. The condition of the bonds recites that if the principal "shall" truly, faithfully and impartially perform all the duties required of him by law and "shall" well,

truly, faithfully and impartially perform such duties as are prescribed by any law which may be subsequently enacted and "shall" account for all property of the state, then the obligation shall be void. It appears to us that this language evidences an intent not only that the bonds were not to be retrospective, but were intended to be prospective only. The language used is not susceptible of any other construction. The fact that the bonds recite that the term of office began April 1, 1925, does not overcome the express language which appears in the condition of the bonds. Rem. Comp. Stat., § 10774 [P. C. § 4-16], requires that every appointive state officer shall before entering upon the discharge of the duties of his office give a bond, but there is nothing in that section which provides, or even suggests, that the bond when given shall cover past as well as future delinquencies. Giving full effect to the rule invoked by the appellant that the bonds of a compensated surety are to be most strictly construed against the surety, the language of the bonds will not permit a retrospective construction. To so construe them would be to write a new bond for the parties and this we cannot do.

The judgment will be affirmed.

MACKINTOSH, C. J., MITCHELL, FULLERTON, and FRENCH, JJ., concur.