[No. 20480.   Department Two.   June 13, 1927.]

O. SALISBURY, *Respondent*, v. ALEX ALSKOG *et al.,*
*Appellants.*[1]

[1] BROKERS (1, 9) — RELATION — EMPLOYMENT — WHO ARE "REAL
ESTATE BROKERS." The selling of a lease or leasehold interest
in real estate does not come within the terms of Rem. 1927 Sup.,
§ 8340-4, defining a real estate broker as one who, for a com-
pensation, sells, buys, or negotiates for another the purchase,
sale, exchange, lease or rental of real estate; in view of the long
established rule in this state that a leasehold is personal prop-
erty and that the brokers' act, Id., § 8340-20, prohibiting practice
or actions for compensation by unlicensed brokers is to be
strictly construed as penal.

Appeal from a judgment of the superior court for
Pierce county, Card, J., entered October 8, 1926, upon
findings in favor of the plaintiff, in an action on con-
tract, tried to the court.   Affirmed.

*Rickabaugh & McElroy,* for appellants.

*Louis J. Muscek,* for respondent.

TOLMAN, J.—Respondent, by the judgment appealed
from, was allowed the recovery of a commission on
the sale of a lease, good will and the furniture of a
rooming house in the city of Tacoma.   The judgment
debtors, appealing from that judgment, assign a
number of errors, one of which is that the respondent
was not the procuring cause of the sale, but upon this
point we find the trial court was well sustained by the
evidence.   We find it necessary to discuss only one of
the other errors assigned.

[1] The contract employing the agent was in
writing and complied with the statute of frauds.   It
was entered into prior to the enactment of ch. 129 of
the Laws of 1925, Ex. Sess., p. 218, but there is a

[1]Reported in 256 Pac. 1030.

serious dispute of fact as to whether the sale was made before or after that act took effect. On this question, the trial court found in favor of the respondent, but, as we interpret the act, that is immaterial.

The act in question provides, in § 4:

"Within the meaning of this act, a real estate broker is a person who, for a compensation or promise thereof, performs one or more acts of selling or offering for sale, buying or offering to buy, negotiating or offering to negotiate, either directly or indirectly, whether as an employee of another or otherwise, the purchase, sale, exchange, lease or rental of real estate or interest therein for another person." Laws of 1925, Ex. Sess., p. 219, § 4. [Rem. 1927 Sup., § 8340-4.]

It further provides for the licensing of real estate brokers, makes it unlawful for any person to act as a real estate broker without a license, and § 20 reads:

"No suit or action shall be brought in the courts of this state for the collection of compensation for the performance of any of the acts mentioned in section 5 hereof, without alleging and proving that the plaintiff was a duly licensed real estate broker at the time the alleged cause of action arose." Laws of 1925, Ex. Sess., p. 226, § 20. [Rem. 1927 Sup., § 8340-20.]

This is a penal act and must be strictly construed. So construing it, we are unable to escape the conclusion that the selling of a lease or a leasehold interest in real estate does not come within the terms of the statute. Prior to the enactment of this statute, the law was clearly settled that a leasehold interest is personal property which may be conveyed as such. *Myers v. Arthur,* 135 Wash. 583, 238 Pac. 899, and cases there cited. That being the settled law of the state, it is inconceivable that the legislature should attempt to change it by anything less than clear and unequivocal language to that effect. When the quoted portion of § 4 is carefully read, it is apparent that what the legis-

lature said, and intended to say, was that one who rented or leased real estate for another was a broker within the act (the punctuation clearly indicates that the words "lease or rental" mean but one thing, i. e., the procuring of a tenant), and that nothing but a forced construction could apply the words "selling" and "buying" to a lease.

Since the act makes what was theretofore lawful, a misdemeanor, we cannot go beyond the fair intendment of the language used and thereby make unlawful an act that the legislature has not itself clearly made so. It follows that the judgment appealed from is right, and it is therefore affirmed.

MACKINTOSH, C. J., HOLCOMB, MAIN, and ASKREN, JJ., concur.