[No. 22917. *En Banc.* September 1, 1931.]

THE NATIONAL BANK OF TACOMA, *Appellant,* v. GLOBE INDEMNITY COMPANY, *Respondent.*[1]

*Hayden, Langhorne & Metzger,* for appellant.

*Grinstead, Laube, Laughlin & Meakim* and *L. C. Brodbeck,* for respondent.

MAIN, J.—In the complaint in this case, there are two causes of action, separately stated, each upon a real estate broker's bond. The cause was tried to the court without a jury, and resulted in findings of fact from which the court concluded that no recovery could be had. Judgment dismissing the action was entered, from which the plaintiff appeals.

[1]Reported in 2 P. (2d) 706.

There is no substantial dispute as to the controlling facts, and they may be summarized as follows: The National Bank of Tacoma owns two lots in that city, which are improved and devoted to business purposes, the legal title to which was in the name of Coast Realty Company, a corporation. Hellar Lyon Company was a copartnership, engaged in business as a real estate broker in the same city, and was the agent of the owner of the property above mentioned for the purpose of negotiating leases and collecting the rents. Prior to the year 1928, Hellar Lyon Company had negotiated leases to tenants of different portions of the building or buildings. A portion of the premises was known as the Regal Hotel; another portion as the Circle Theater. No lease was made or negotiated for during the years 1928 or 1929, but, as stated, all the leases were made prior to that time.

During the two years mentioned, Hellar Lyon Company only collected the rents from the property, and failed to account to the owner for the rent collected during the year 1928 to the extent of $1,000, and for the year 1929 to the extent of $425. It was to collect these two sums that this action was brought against the respondent, Globe Indemnity Company, as surety upon the bonds of Hellar Lyon Company. One of the bonds covers the period from December 31, 1927, to December 31, 1928; the other from January 1, 1929, to December 31, 1929.

The controlling question is whether the surety upon a real estate broker's bond is liable for the failure of the broker to account for rents collected, when the broker, during the period of the bond, only collects rents and does not negotiate a lease or leases.

In 1925 the legislature passed what is known as the real estate brokers act (Laws Ex. Ses. 1925, chap. 129, p. 218, Rem. 1927 Sup., §§ 8340-1 *et seq.*). Section 4

of this act (Rem. 1927 Sup., § 8340-4) provides that a real estate broker is a person who, for compensation or promise thereof, performs one or more of the acts

" . . . of selling or offering for sale, buying or offering to buy, negotiating or offering to negotiate, either directly or indirectly, whether as an employee of another or otherwise, the purchase, sale, exchange, lease or rental of real estate or interest therein for another person."

Section 10 (Rem. 1927 Sup., § 8340-10) provides that, before any person may carry on the business of a real estate broker, he shall make application to the state director, provided for in the act, for a license, and deliver to the director a bond in the sum of one thousand dollars, executed by a surety company. This section also provides that every license issued under its provisions shall expire on the "thirty-first day of December of the year of its issue." Section 17 (Rem. 1927 Sup., § 8340-17) provides that any person acting as a real estate broker within the meaning of the act without a license, as therein provided for, or violating any of the provisions thereof "shall be guilty of a misdemeanor."

In *Salisbury v. Alskog,* 144 Wash. 88, 256 Pac. 1030, the court, construing the act, held that the selling of a lease or leasehold interest in real estate did not come within the provisions of the act, stating: "This is a penal act and must be strictly construed."

In section 4 of the act, a portion of which is above quoted, it is provided that a person who negotiates or offers to negotiate the "lease or rental of real estate, or interest therein, for another person," is a real estate broker. Nowhere in the act is it provided that one who simply collects rents is such a broker. The act of negotiating a lease is quite a different transaction from that of collecting the rent after the lease has

been negotiated. Had the legislature intended one who collects rents to be within the provisions of the act, it would have been easy to have said so in unequivocal terms.

In each of the states of California, Arizona and Wyoming, in the real estate brokers' act, which defines who shall be a broker, there is a provision that one who "collects rent for real estate" shall be considered such a broker. *Schomig v. Keiser,* 189 Cal. 596, 209 Pac. 550; *Woods v. National Surety Co.,* 27 Ariz. 479, 233 Pac. 900; *Mapes v. Foster,* 38 Wyo. 244, 266 Pac. 109. As already stated, there is not, in the act of the legislature of this state, that provision, and the legislature must have designedly failed to include within its provisions one who collects rent from real estate.

The cases of *Brodtmann v. Cooper,* 11 La. App. 101, 120 South. 727, and *Texas Co. v. Mattison,* 12 La. App. 186, 125 South. 147, decided by the court of appeals of Louisiana, by analogy would sustain the appellant's position in this case if we should give to the act an extremely liberal construction, as was done in those cases; but this court has heretofore said that the act should be given a strict construction. So far as we are informed, the supreme court of the state of Louisiana has never passed upon the question. We are not inclined to depart from our previous holding and adopt that of the court of appeals of Louisiana.

The other cases cited, construing real estate brokers legislative acts, do not reach the question here for determination, and a further reference thereto does not seem necessary.

To hold that one who collects rents on real estate is within the provisions of the act of this state, it would be necessary for the court to read into the act some-

thing which the legislature did not place there, and this, we think should not be done.

Had Hellar Lyon Company, during the period covered by the bonds upon which the present action is brought, negotiated a lease or leases for any part or parts of the property, and failed to account for rent collected during that period, a different question would be presented, upon which we here express no opinion.

The judgment will be affirmed.

PARKER, BEALS, MITCHELL, MILLARD, BEELER, and FULLERTON, JJ., concur.

TOLMAN, C. J. (dissenting)—In my opinion, the majority has misconceived the question. The agent was employed both to negotiate leases and to collect the rent. That no leases were actually negotiated during a particular period, does not change the nature of the employment. The employment comes within the terms of the statute.

I therefore dissent.

HOLCOMB, J., concurs with TOLMAN, C. J.