[No. 27678. Department Two. October 30, 1939.]

*In the Matter of the Estate of* ALICE WILLARD BARCLAY, *Deceased.*

THE STATE OF WASHINGTON, *by Robt. F. Waldron, Supervisor of the State Inheritance Tax and Escheat Division, Appellant,* v. D. F. BROOKS, *as Administrator, Respondent.*[1]

[1]Reported in 95 P. (2d) 393.

*Robt. F. Waldron, John M. Boyle, Jr.,* and *Charles Snyder,* for appellant.

*Arthur P. Redman,* for respondent.

JEFFERS, J.—Alice Willard Barclay died intestate, July 11, 1938, a resident of Seattle, Washington, leaving separate estate subject to probate in King county, of the appraised value of $5,004.38. She was also possessed of certain other property at the time of her death, including a lessee's interest in a ninety-nine year lease of real estate in Minnesota, having an unexpired term of sixty-nine years, and a lessee's interest in a mineral lease in Oklahoma. The leasehold interest in Minnesota was appraised at $21,700, in ancillary proceedings had in that state, and it was agreed between the supervisor of the inheritance and escheat division of the tax commission of the state of Washington and the administrator of the estate of the deceased that the leasehold in Oklahoma was of the reasonable value of five hundred dollars.

The supervisor filed his findings, fixing the tax due, which findings included the value of both leases for taxation purposes, in the amounts above set out.

The administrator of the estate filed objections to such findings, contending that the value of the leaseholds should not be included in the value of the estate

for inheritance tax purposes, inasmuch as the leaseholds are interests in real property situated outside the state of Washington, not subject to the jurisdiction thereof, and consequently not subject to the payment of an inheritance tax to this state.

The matter was set down for hearing on the findings of the supervisor and the objections thereto by the administrator; and at the conclusion of such hearing, the trial court sustained the administrator's objections and held that the leasehold interests were not liable for payment of inheritance tax to the state of Washington. From this order, entered May 9, 1939, the supervisor has appealed.

The question presented for determination is whether or not a leasehold interest in realty outside the state of Washington is subject to the payment of an inheritance tax to this state, where the lessee died domiciled in the state of Washington.

Rem. Rev. Stat. (Sup.), § 11201 [P. C. § 7030-164], provides in part:

"All property within the jurisdiction of this state, and any interest therein, whether belonging to the inhabitants of this state or not, and whether tangible or intangible, which shall pass by will or by the statutes of inheritance of this or any other state . . . shall, for the use of the state, be subject to a tax . . ." Laws of 1937, chapter 106, p. 420, § 1.

Appellant contends that the leasehold interests in the instant case are, for the purpose of taxation, to be considered as intangible personal property, and as such are subject to inheritance tax by the state of Washington, and, while respondent contends that a leasehold is an interest in real estate, we think it is apparent, from the question to be determined as presented by respondent, that his real contention is that a leasehold interest in realty is immovable tangible personal prop-

erty, having the same situs as the land to which it relates, and taxable only by the state in which the real estate is located.

The leases in question were upon land in Minnesota and Oklahoma, but the statutes of those states having been neither pleaded nor proven, it must be assumed they are the same as those of the state of Washington.

There can be no question but that, under our statutes and decisions, a leasehold interest in real estate for a term less than life is personal property. Rem. Rev. Stat., § 11108 [P. C. § 6882-4], provides in part as follows:

"The term 'real property' for the purposes of taxation shall be held and construed to mean and include the land itself, . . . and all rights and privileges thereto belonging or in any wise appertaining, except leases of real property and leasehold interests therein for a term less than the life of the holder; . . ."

Personal property is defined by Rem. Rev. Stat., § 11109 [P. C. § 6882-5], as follows:

"The term 'personal property' for the purposes of taxation, shall be held and construed to embrace and include . . . all leases of real property and leasehold interests therein for a term less than the life of the holder; . . ."

"Except in so far as the common-law rules may have been modified by statute, terms for years, however long, are chattels real, falling within the classification of personal property." 35 C. J. 970, § 47.

See *Taylor v. Basye,* 119 Wash. 263, 205 Pac. 16; *Myers v. Arthur,* 135 Wash. 583, 238 Pac. 899; *Salisbury v. Alskog,* 144 Wash. 88, 256 Pac. 1030; *Sakris v. Eagle Indemnity Co.,* 176 Wash. 73, 28 P. (2d) 316; *Irons Inv. Co. v. Richardson,* 184 Wash. 118, 50 P. (2d) 42. We cite the foregoing cases as showing that a

leasehold has generally been considered as personal property in this state.

In none of the cases last above cited did this court decide whether a leasehold was tangible or intangible personal property. We have been able to find only two cases in this state which deal with the question of whether a leasehold interest is tangible or intangible personal property. In *Farmers State Bank v. Scheel,* 124 Wash. 429, 214 Pac. 825, we held that a leasehold interest in real estate was a tangible interest which the assignee could take into his possession. To the same effect is *Lloyd L. Hughes, Inc. v. Widders,* 187 Wash. 452, 60 P. (2d) 243.

In so far as we have been able to find, the rule announced in the last two cited cases, that leasehold interests are tangible personal property, is the general rule.

In 2 Beale's Conflict of Laws 932, § 208.1, we find the following statement:

"Several kinds of personal property are really immovable, principally leasehold interests.

"These are treated at common law as so many chattels under the name of 'chattel real.' Nevertheless, they are immovable since they are interests in land and cannot be removed from the power of the law prevailing at the situs of the land."

In Dicey's Conflict of Laws (3rd ed.), 75, we find the following statement:

"Immovables are tangible things which cannot be moved, such as are lands and houses, whatever be the interest or estate which a person has in them. Hence the term includes what English lawyers call 'chattels real,' that is to say, land, etc., in which a person has less than a freehold interest, as, for instance, leaseholds. . . .

"To put the same thing in other words, 'immovables' are equivalent to realty, with the addition of chattels

real or leaseholds; 'movables' are equivalent to personalty, with the omission of chattels real. . . .

"It is of consequence to notice the difference between movables and personal property, because judges, especially in the earlier cases on the conflict of laws, have occasionally used language which identifies movables with personal property, and suggests the conclusion that all kinds of personalty, including leaseholds, are, as regards the conflict of laws (*e. g.,* in case of intestate succession), governed by the rules which apply to movables properly so called. This doctrine has now been pronounced erroneous, and leaseholds (it has been decided) are, as regards the conflict of laws, to be considered of course as personalty, but also as immovables."

*In re Craver's Estate,* 319 Pa. 282, 179 Atl. 606.

It appearing that leaseholds are not only tangible personal property, but also immovable tangible personal property, the question then presented is: Are such leaseholds taxable at the domicile of the owner or the situs of the leaseholds?

Appellant has referred us to no case, and we have been able to find none, which holds that immovable tangible personal property is taxable at the domicile of the owner, where such property is located in a state other than that of the owner's domicile. Appellant does, however, cite *In re Sherwood's Estate,* 122 Wash. 648, 211 Pac. 734; *In re Ellis' Estate,* 169 Wash. 581, 14 P. (2d) 37, 86 A. L. R. 734; *In re Lyons' Estate,* 175 Wash. 115, 26 P. (2d) 615; and *In re Eilermann's Estate,* 179 Wash. 15, 35 P. (2d) 763.

*In re Sherwood's Estate, supra,* involved the right of the state of Washington to impose an inheritance tax on personal property of the estate of Josephine C. Sherwood, located in California, and consisting of bonds, stocks, cash, treasury certificates, jewelry and other personal property. All of the property was movable personal property. In the cited case, in re-

ferring to the cases upon which the decision is apparently based, we stated:

"The rule of these cases leaves no doubt, we think, as to the power of the state to levy an inheritance tax on *movable personal property* owned by a person who dies domiciled in this state, regardless of the situs of the property, or whether it is tangible or intangible in its nature." (Italics ours.)

It may be doubtful as to whether the rule announced in the cited case, in so far as it affects tangible personal property, can be followed—a question which we do not now decide—in view of the decision in the case of *Frick v. Pennsylvania,* 268 U. S. 473, 69 L. Ed. 1058, 45 S. Ct. 603, 42 A. L. R. 316, decided in 1925, after the *Sherwood* case. In the *Frick* case, the state of Pennsylvania sought to lay an inheritance tax on tangible personal property which had an actual situs in states other than Pennsylvania. In holding that Pennsylvania was without such power, the United States supreme court stated:

"This precise question has not been presented to this Court before, but there are many decisions dealing with cognate questions which point the way to its solution. These decisions show, first, that the exaction by a State of a tax which it is without power to impose is a taking of property without due process of law in violation of the Fourteenth Amendment; secondly, that while a State may so shape its tax laws as to reach every object which is under its jurisdiction it cannot give them any extraterritorial operation; and, thirdly, that as respects *tangible personal property* having an *actual situs* in a particular State, the power to subject it to state taxation rests exclusively in that State, regardless of the domicil of the owner." (Italics ours.)

The rule as to tangible personal property, as announced in the last cited case, has apparently since been followed by the United States supreme court.

While the court, in the *Sherwood* case, makes no distinction between tangible and intangible property, it does apparently recognize the difference between immovable and movable personal property, and limits to the latter class the rule therein announced.

*In re Ellis' Estate, supra,* presented the question of the right of the state of Washington to collect an inheritance tax upon *intangible personal property* belonging to the estate, but held in trust in the state of Illinois. We held the property was subject to the tax, applying the rule *mobilia sequuntur personam.*

*In re Lyons' Estate, supra,* presented the question of whether or not a credit, represented by a deposit in a Seattle bank, belonging to decedent Lyons, who at the time of his death was a resident of Alaska, was subject to escheat. In concluding the opinion in the cited case, we stated:

"The debt owing by the Seattle bank was a credit belonging to the decedent Lyons before and at the time of his death; and, applying the rule *mobilia sequuntur personam,* the situs of this property was at the domicile of its owner, and therefore it was not property within this state at the time of his death and not subject to escheat under our statute."

The rule of *mobilia sequuntur personam* has been quite generally applied to intangible personal property, and by some states to movable tangible personal property, prior to the decision in the *Frick* case, *supra;* although, as stated by Beale, *supra,* § 255.2, in so far as tangible personal property is concerned, to say that the property follows the person presents a situation that is almost grotesque. As to intangibles that have no fixed situs, and especially such as choses in action, the reason for the application of the maxim is more easily sustained.

*Baldwin v. Missouri,* 281 U. S. 586, 74 L. Ed. 1056,

50 S. Ct. 436, 72 A. L. R. 1303, and *First Nat. Bank v. Maine*, 284 U. S. 312, 76 L. Ed. 313, 52 S. Ct. 174, 77 A. L. R. 1401, involved the question of intangible personal property such as corporate stock, and are not applicable herein. However, the *First Nat. Bank* case recognizes the rule announced in the *Frick* case as to tangible personal property.

In *In re Craver's Estate, supra,* Anna B. Craver died domiciled in Pennsylvania. By her will, she gave appellant three leaseholds in Maryland. The question presented was whether a leasehold in Maryland realty was subject to the payment of an inheritance tax in Pennsylvania, when owned by a Pennsylvania resident at the time of her death. It was urged by the state of Pennsylvania, as it is urged in the instant case, that such a leasehold interest is intangible personal property, and therefore subject to the taxing power of the domiciliary state, in accordance with the familiar maxim, *mobilia sequuntur personam.* Appellant contended the situs of the property was in Maryland, and that any such tax would be in contravention of the due process clause of the fourteenth amendment to the Federal constitution. The court in the cited case stated in part:

"After a careful study of the problem, we are convinced that the situs of this property for all practical purposes—and taxation is a practical matter . . . was in Maryland and not in Pennsylvania, and that this Commonwealth is without jurisdiction to tax the transfer. . . .

"The property which decedent owned at the time of her death was immovable property, having a permanent, fixed and actual situs in Maryland. Since the taxation by the state of domicile of tangible personal property permanently located in another state is in conflict with the due process clause of the Fourteenth Amendment *(Union Refrigerator Transit Co. v. Kentucky,* 199 U. S. 194; *Frick v. Pennsylvania,* 268 U. S.

473; see *Blodgett v. Silberman,* 277 U. S. 1, 18), it would seem to be clear that the taxation of an *immovable* of the sort here involved, located in another state, is similarly a violation of that clause."

The decree of the lower court was reversed, and the valuation of the leaseholds in Maryland realty ordered stricken from the appraisement.

Appellant cites the late cases of *Curry v. McCanless,* 307 U. S. 357, 59 S. Ct. 900, and *Graves v. Elliott,* 307 U. S. 383, 59 S. Ct. 913, decided May 29, 1939, as decisive of the right to have personal property taxed by two states. The cited cases are in point only as sustaining the right to have *intangible personal property* taxed by two states, and strongly imply that tangible personal property is taxable only in the state where the property is located. In discussing this matter in the *Curry* case, *supra,* Justice Stone stated:

"The power of government and its agencies to possess and to exclude others from possessing tangibles, and thus to exclude them from enjoying rights in tangibles located within its territory, affords adequate basis for an exclusive taxing jurisdiction. When we speak of the jurisdiction to tax land or chattels as being exclusively in the state where they are physically located, we mean no more than that the benefit and protection of laws enabling the owner to enjoy the fruits of his ownership and the power to reach effectively the interests protected, for the purpose of subjecting them to payment of a tax, are so narrowly restricted to the state in whose territory the physical property is located as to set practical limits to taxation by others. Other states have been said to be without jurisdiction and so without constitutional power to tax tangibles if, because of their location elsewhere, those states can afford no substantial protection to the rights taxed and cannot effectively lay hold of any interest in the property in order to compel payment of the tax."

We held in *In re Eilermann's Estate, supra,* that the interest of Elizabeth Eilermann, a resident of New Jersey at the time of her death, in a contract for the sale of land in Washington, was intangible personal property and taxable in the state of the owner's domicile and not in this state. Appellant in the case at bar contends that, since we have held that a vendor's interest in an executory contract for the sale of land was intangible personal property, we should also hold that a leasehold is intangible personal property. Without going into the reasons upon which a distinction might be based between a vendor's interest in an executory contract for the sale of real estate and a lessee's interest in a leasehold, we think the *Eilermann* case is not applicable, for the reason that the almost unanimous weight of authority is to the effect that a leasehold is considered as immovable tangible personal property. The *Eilermann* case seems to recognize that a different rule exists between tangible and intangible personal property, for in the cited case we find the following quotation:

"The question remains: In which state, among two or more claiming the power to impose the tax, does the taxable event occur? In the case of tangible personalty, the solution is simple: the transfer, that is, the taxable event, occurs in that state where the property has an actual *situs,* and it is taxable there and not elsewhere." *First Nat. Bank v. Maine,* 284 U. S. 312, 76 L. Ed. 313, 52 S. Ct. 174, 77 A. L. R. 1401.

We are of the opinion that the leaseholds in the instant case are immovable tangible personal property, having their situs in the states where the land to which they relate is located—in this case Minnesota and Oklahoma—and not in the state of the domicle of the owner; that, as to these leasehold interests, the rule *mobilia sequuntur personam* is not applicable; and we

think it follows that the lessee's interest in the lease-holds in question is not property in the state of Washington, or such an interest therein as would make them liable for an inheritance tax under the statute.

The judgment is affirmed.

BLAKE, C. J., BEALS, STEINERT, and GERAGHTY, JJ., concur.